ROBERT BOLCAR, PLAINTIFF-RESPONDENT, v. MAX MINTZ, DEFENDANT-APPELLANT.

ROBERT BOLCAR, BY HIS NEXT FRIEND, JOHN BOLCAR, PLAINTIFF-RESPONDENT, v. MAX MINTZ, DEFENDANT-APPELLANT.

Submitted October 6, 1937—Decided December 18, 1937.

Before Justices LLOYD, CASE and DONGES.

For the appellant, *Kalisch & Kalisch*.

For the respondent, *Edward F. Broderick*.

LLOYD, J. These cases grow out of a tenement house accident in which the plaintiff Robert Bolcar, five years of age, was injured through a fall down an open areaway in the

rear of the tenement house. The tenement consisted of two stores on the ground floor, two apartments on the second floor and two apartments on the third floor. John Bolcar, one of the plaintiffs and father of the injured boy, was the tenant of one of the second floor apartments. The apartments were all reached by a common stairway leading from an alleyway on the side and rear of the building. In the rear of the second floor there was a porch enclosed by a fence or railing extending the width of the building. On the occasion of the accident the boy plaintiff and two companion children of tenants of a third floor apartment were playing on this porch opposite the apartment occupied by the next door neighbor. Outside and to the rear of the porch there was a roof with an open areaway in the center. The rail fence separating this roof from the porch had several pales broken out (a condition that had existed for a long time), and it was through this opening that the boy, five years of age, walked or crawled and fell into the opening in the roof.

It further appeared that there was no yard attached to the apartments and that the roof outside the porch was used for hanging clothes by the tenants.

The question in the case is whether there was an invitation, expressed or implied, that the porch on the second floor should be used by the children of the various apartments for purposes of play, and if so whether there was negligence in the landlord in failing to properly protect children thus playing by maintaining the fence or guardrail in a proper condition. The proofs were meagre as to the extent to which the porch was used by the children of the various apartments, but we think they were sufficient to indicate such use, and this being true it could be reasonably inferred by the jury that it was by the invitation of the owner. It is of course understood that children will play and that they will play in any open space that answers the purpose. It was but natural that the children of the various apartments, in the absence of a playground or yard attached to the building, would play in the open space on this common porch, and the landlord was obliged to anticipate such use.

The case closely resembles that of *Henry* v. *Haussling,* 114 *N. J. L.* 232.

It needs no argument to establish that if there was neglect of a duty to maintain the guardrail or fence, a fall down the areaway of the roof by a child of such tender years could be anticipated as a natural result and for which negligence the injured child could not be held to have contributed.

Under these circumstances the findings in favor of the plaintiffs should not be disturbed for failure of proof of negligence.

The remaining specifications of error turn largely on the problem considered above or are not sufficiently important to require discussion.

The judgment is affirmed, with costs.