GERALD M. GILL *vs.* WALTER J. JAKSTAS.

Suffolk.   December 7, 1949. — February 7, 1950.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Landlord and Tenant,* Landlord's liability to tenant or his family or his invitee, Common stairway, What premises let.

In an action against a landlord for personal injuries sustained by a child of tenants of a second floor tenement when he fell through a railing by a platform on stairs leading through the back piazza of that tenement to the first floor, evidence of the arrangement of the piazza, the stairs and the railings and of their use by all the tenants warranted a finding, in answer to a special question to the jury, who took a view of the premises, that the stairs were intended for use "as a common stairway."

In an action against a landlord by a child less than two years of age for personal injuries sustained when he fell from the platform of a stairway which passed through the floor of a piazza in the rear of a second floor tenement occupied by his parents as tenants, a finding for the plaintiff was warranted by evidence that the stairway was a common stairway used by all tenants and in control of the defendant; that the child in play went upon the platform to regain a toy and there fell through a defective railing of the stairway; and that the railing had been in good condition when the child's parents became tenants but for some months before the accident, to the knowledge of the defendant, had been defective.

TORT.   Writ in the Superior Court dated September 5, 1946.

The action was tried before *O'Connell,* J.

*T. B. Shea,* (*J. A. Caulfield* with him,) for the plaintiff.

*H. J. Williams,* for the defendant.

COUNIHAN, J.   This is an action of tort for alleged negligence of a landlord.   On August 13, 1946, the plaintiff, then twenty-three months old, was injured as the result of a fall from a piazza in the rear of the second floor tenement of a three apartment dwelling house, of which his parents were tenants and the defendant the landlord.   The jury found

for the plaintiff but the judge entered a verdict for the defendant under leave reserved. The plaintiff and the defendant both bring exceptions: the plaintiff to the entry of the verdict for the defendant, and the defendant to the refusal of the judge to give certain requested instructions and to the exclusion of certain evidence. This latter exception was not argued and is treated as waived.

The real issue here to be decided is whether that part of the piazza from which the plaintiff fell was in control of the defendant as part of a common passageway or in control of the parents of the plaintiff as part of the premises demised to them.

There was evidence which may be summarized as follows: The parents of the plaintiff, since June or July, 1944, had been tenants of this tenement. In the rear of their tenement, there was an unenclosed piazza the size of which cannot be determined from the bill of exceptions. This piazza had a picket railing around it on at least two sides about three to four feet high, and through the piazza ran an unenclosed stairway from the second to the third floor. There was a similar stairway from the first to the second floor. These stairways were used in common by all of the tenants. There were in evidence photographs of the stairways and part of the piazza and we have them before us, but they are not too helpful. The defendant testified in substance: One could walk from the third floor kitchen onto the veranda and then down a flight of stairs to the second floor and then *around the second floor piazza*, and there were stairs from there to the first floor piazza. There was a guard rail picket fence on the right as one went up (the stairway to the third floor), and that was so that people would not fall down. As one walked up the stairs and got to the second floor and then the "platformlike," just before the little gate was opened, there was a guard rail on the right and three pickets were missing on the right. That part of the stairway which appears in exhibit 1-A and in which three pickets were missing after the accident was *the part of the stairway or guard rail* that was up at the top of the flight of stairs from

the first to the second floor on the right and before one
entered Mrs. Gill's piazza.   When Mrs. Gill moved in to
the second floor, the pickets on the guard rail around *the
second floor landing* were in good condition, none missing,
nor loose, nor rotten.   All parts of the stairs from the yard
to the third floor were in good condition.   From the mother
of the child there was testimony that she left the child on
the piazza about twenty minutes before the accident with
two of her daughters, one aged seven and the other nine;
that she was in the kitchen and from its window she could
see the child;  that there was a short, small gate separating
her piazza from the stairway area;  that the child was
playing with a toy which he threw over his head and it
landed outside the gate on the landing at the top of the
flight of stairs;  that he went through the gate and as he
reached for the toy he put his head against the pickets,
which gave way, and he fell to the yard;  and that the place
where the boy fell was "right opposite the platform, opposite
the gate."   There was testimony from the parents of the
child that when they moved into this tenement the condi-
tion of the guard rail, the stairway and the piazza was all
right and no pickets were missing;  that about six months
before the accident they observed that the pickets at the
place where the accident occurred were loose, some were
rotten and some had started to fall out;  that they notified
the landlord of this condition;  and that he came around and
saw it.   No repairs were made.   After the accident a wit-
ness found the pickets in the yard directly underneath the
place where the child fell out and they were all rotten.

The judge submitted to the jury a special question:
"Were the stairs connecting the piazzas intended for use
as a common stairway, or as a fire escape?"   The jury
answered, "As a common stairway."

The defendant relies on the case of *Phelan* v. *Fitzpatrick*,
188 Mass. 237, as decisive that there was no liability on the
defendant here.   But in that case at page 238 it was said,
"the common use of the platforms was confined to so much
of them as was occupied by the stairs and was reasonably

incident thereto." On facts distinguishing that case from the case at bar, it was there decided that the railing that broke was in control of the tenant.

On the evidence in this case, however, we think it was for the jury to decide whether or not that part of the piazza from which the plaintiff fell was part of the common passage-way and in control of the defendant. There was ample evidence, not only in behalf of the plaintiff but from the defendant himself, that the stairways could not be used by anyone going either up or down without passing over that part of the second floor piazza where the railing was defective. *Conroy* v. *Maxwell*, 248 Mass. 92, 97. *Sordillo* v. *Fradkin*, 282 Mass. 255, 256. *Cuscuna* v. *Rood*, 289 Mass. 213, 216. *Ruane* v. *Doyle*, 308 Mass. 418, 420.

If that part of the piazza where the railing was defective was found by the jury to be part of the common passage-way, then the principle laid down in *Andrews* v. *Williamson*, 193 Mass. 92, 94, and repeatedly followed by our court, is applicable. It was there stated: "The landlord's duty in respect to such passage is that of due care to keep it in such condition as it was in, or purported to be in, at the time of the letting." *Sneckner* v. *Feingold*, 314 Mass. 613, 614. Here there was no dispute that the stairways, piazza and railings were in good condition at the time of the letting, and there was evidence that about six months prior to the accident the railings had gotten out of repair and in bad condition and that the landlord early knew of it and failed to make repairs.

The defendant in his brief cites the cases of *Landers* v. *Brooks*, 258 Mass. 1, and *Cerricola* v. *Darena*, 266 Mass. 267, for the proposition that the landlord is not bound to keep common premises safe for uses to which they were not intended to be put. The *Landers* case is disposed of by the answer of the jury here that these were to be used as a common stairway and not as a fire escape. The *Cerricola* case involved a child sitting on a roof skylight and falling through. It is clearly distinguishable from this case.

Because we believe that the issue of control was for the

jury, there was error in the entry of a verdict for the defendant under leave reserved.

The defendant contends that the conduct of the mother of the child was negligence which ought to be imputed to the plaintiff. However, it is clear that the negligence of the mother, even if found, could not be imputed to the plaintiff because of G. L. (Ter. Ed.) c. 231, § 85D, inserted by St. 1945, c. 352, § 1. *Feaver* v. *Railway Express Agency, Inc.* 324 Mass. 165, 168.

The defendant excepts to the refusal of the judge to give the following instruction: "3. If the stairs connecting the piazza of the three tenements, one above another, in the house in question are found to be common stairs, nevertheless, the remainder of the piazza adjoining the apartment in which the plaintiff lived, apart from the portion of the piazzas occupied by the stairs or so much as was incident to the stairs, was a part of the demised premises." The request was based on *Phelan* v. *Fitzpatrick*, 188 Mass. 237, 238, and is good as a correct statement of law. In the case at bar the jury took a view of the entire premises[1] and were instructed by the judge in his supplemental charge that they must find that the fall took place where the plaintiff's evidence says it took place in order to permit the plaintiff to recover. By their verdict the jury must have found that the railing or place in the piazza where the plaintiff fell had acquired a status as part of the common passageway. Therefore whether or not it was merely incident to the stairs was immaterial. The defendant was not harmed by the failure of the judge to give this request.

The defendant's exceptions are overruled. The plaintiff's exception is sustained. The verdict entered on leave reserved is set aside, and the verdict returned by the jury is to stand.

*So ordered.*

---

[1] The bill of exceptions states: "The jury with the court and counsel for the parties took a view of the second floor piazza, the guard rail, the landing and the stairs, second floor to first floor, and all the stairs in the structure in the rear from yard to third floor, as well as means of passage to the rear stairs from apartments in the adjoining building." — REPORTER.