**Aniela Gula, Plaintiff-Appellant, v. Janina Gawel, Defendant-Appellee.**

**Gen. No. 50,390.**

First District, Third Division.

May 26, 1966.

Rehearing denied June 17, 1966.

George F. Archer, of Chicago (Elias Mula, of counsel), for appellant.

Norman J. Barry and Norris J. Bishton, Jr. (Rothschild, Hart, Stevens & Barry, of counsel), for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

Aniela Gula, the plaintiff, appeals from a summary judgment entered in favor of the defendant, Janina Gawel.

The plaintiff resided with her husband, as month-to-month tenants under an oral lease, on the second floor of a two-story, two-apartment building owned by the defendant. In her second amended complaint, the plaintiff alleged that while descending the front stairway from her apartment she tripped and fell and was injured. The landlord was charged with negligence in failing to maintain the stairway, which was alleged to be under her control, and in failing to repair it and illuminate it. Negligence was further charged in the failure of the landlord to provide artificial lighting, continuous handrailing, and risers and treads of uniform width and length, all in violation of the Chicago Housing Code. Municipal Code of Chicago, chapter 78, sections 78–11 to 78–20. Violations of both a common-law duty and a duty under the ordinance were thus charged.

The central question is whether the landlord-defendant retained sufficient control of the stairway to

give rise to a duty to maintain it in a reasonably safe condition. A landlord, as to those portions of the building over which he maintains control, has a duty toward all persons lawfully on the premises, including tenants, to maintain them in reasonable repair. Murphy v. Illinois State Trust Co., 375 Ill 310, 31 NE2d 305 (1941); Payne v. Irvin, 144 Ill 482, 33 NE 756 (1893). The plaintiff's pleadings and affidavit in opposition to the defendant's motion for summary judgment set forth that the defendant maintained and controlled the stairway to the second floor for the common use of all persons rightfully upon the premises; that the oral lease under which the plaintiff occupied the premises provided that the landlord would maintain in safe condition and make all repairs on the premises, including the front stairway leading to the plaintiff's apartment; that the landlord would keep a key to her premises for the purpose of entering the apartment to make repairs and would use only the front stairway to enter the apartment; that the landlord had made all repairs on the premises, still retained the key and used the front stairway as the usual means of access to the second floor apartment. It was further alleged that the light which illuminated the lower portion of the stairway was controlled by the landlord and that the lease provided, and it was normal custom and usage, for the landlord to turn on the bottom porch light by a switch located on the landlord's premises.

The defendant's affidavit in support of her motion for summary judgment and her answers to interrogatories set forth a renting of the second floor apartment and the stairway leading thereto; that the apartment included the front stairway with a door at the bottom which locked upon closing and could be opened by a buzzer located on the second floor; that the door and stairway were exclusively for the use of the occupants of the

second floor apartment and were so used. An agreement to make repairs on the stairway was denied.

 Applying to these conflicting allegations the rules that affidavits in support of a motion for summary judgment will be strictly construed whereas the opposing party's affidavits will be construed liberally, and that the affidavits must leave no question as to the movant's right to judgment (Kern v. Chicago & E. I. R. Co., 44 Ill App2d 468, 195 NE2d 197 (1963)), it appears that a material factual question exists on the issue of control. Proof by the plaintiff of the terms and conditions of the oral lease as alleged by her would support the conclusion that the lease was of the second floor apartment only and negate the contentions of the defendant that the stairway leading to the apartment was included in the lease. Proof of an agreement to make repairs on the stairway, proof of the making of repairs on the stairway, proof of control over its lighting, proof of retention of a right to access to the apartment by the landlord and the use by the landlord of the stairway as the usual or sole means of access would all support an inference that the stairway was a common area for the mutual benefit of the landlord and the tenant and would warrant a jury finding that the landlord retained control. Contrariwise, proof of the allegations of the defendant would support an inference that the premises were under the control of the tenant. In view of the conflicting inferences which could be drawn from the proofs the question of control should be submitted to the trier of fact. Campagna v. Cozzi, 59 Ill App2d 208, 207 NE2d 739 (1965). A motion for summary judgment should be denied if examination of the record fairly discloses the existence of a triable issue of material fact. DesPlaines Motor Sales, Inc. v. Whetzal, 58 Ill App2d 143, 206 NE2d 806 (1965).

The defendant argues, however, that despite the conflicting allegations, summary judgment was proper because as a matter of law a stairway usable only by a single tenant is part of the tenant's demised premises. The only case cited in support of this contention is Moore v. Lowery, 342 Ill App 239, 96 NE2d 382 (1951). There the tenant leased the entire second floor of a building under a written lease. The only access from the ground floor through the front entrance was the stairway on which the plaintiff fell. The lighting of the stairway was under the control of the tenant. The lease of the premises, the court found, placed the tenant in control of the stairway. Consequently, a judgment against the landlord was reversed. In Moore, the court essentially made a determination that the evidence did not support the factual conclusion that the landlord was in control of the stairway. The stairway being the only access to the second floor was a factor to be considered. We do not consider Moore as holding that a stairway leading only to the second floor is a part of the demised premises of the second floor tenant as a matter of law. Where a stairway leads, the use to which it is put and by whom, are factors to be considered by the trier of fact along with the intention of the parties, the terms of their lease, the responsibility for repairs, maintenance and illumination and all other factors which tend to show control in either the landlord or the tenant.

■ ■ We believe there is also a triable issue of fact as to whether the landlord breached an alleged covenant to maintain the premises, including the stairway, in a good and safe condition and to make repairs on the premises. This is a separate and distinct ground for recovery and does not depend upon control of the stairway. A landlord is, generally, not liable in tort for a breach of a covenant to repair, but may be liable under special circumstances such as (1) if the covenant carries the obligation to maintain the premises in a safe

180

or reasonably safe condition, (2) if the covenant is made under circumstances which indicate that damages in tort were contemplated by the parties at the time of making the covenant, and (3) if there is a duty to repair apart from the contract. Alaimo v. Du Pont, 4 Ill App2d 85, 123 NE2d 583 (1955); Cromwell v. Allen, 151 Ill App 404 (1909); Mikusz v. Kahn, 207 Ill App 258 (1917).

The defendant denied making an agreement to repair the stairway. However, the plaintiff's affidavit in support of her allegation as to the existence of an agreement to repair states: "All repairs, with no exceptions, are and have been, since the inception of this tenancy, made by the landlord, defendant Janina Gawel, or her agents." It does not specify where the repairs were made. Construing it liberally, we read it as alleging that the repairs were made on the stairway. Considering the allegation of covenants to make repairs and to maintain the stairway in safe condition with the fact of making repairs to the stairway, as opposed to an outright denial of the existence of such covenant, it is our opinion that a triable question of fact exists as to the existence and scope of the alleged covenants and that such covenants, if proved, would warrant a recovery for the plaintiff under the principles above expressed.

There is also a triable question of fact regarding the landlord's failure to provide illumination for the stairway. The plaintiff alleged an agreement (and the normal custom and practice) on the part of the landlord to turn on the bottom porch light, which was controlled by a switch on the landlord's premises, so that the stairway would be fully illuminated at all times. In her affidavit the plaintiff states that there was insufficient lighting for the stairway inasmuch as the light that illuminated the portion of the stairway at which she fell was controlled by the landlord and was not turned on at the time of the fall.

181

■ ■ The defendant's affidavit is silent on this point and her pleadings contain only a general denial of the plaintiff's allegations. She argues that there is nothing in this case to establish either actual or constructive notice that the light was not on. This argument incorrectly implies that summary judgment should be granted if the opposing party does not adduce evidence in support of his allegations. The plaintiff alleged the facts upon which her claim was based. It was not necessary for her to plead detailed evidence. Scheinfeld v. Muntz TV, Inc., 67 Ill App2d 8, 214 NE2d 506 (1966). The defendant neither challenged the plaintiff's theory of recovery nor controverted her factual allegations. On this state of the record summary judgment was improper.

The plaintiff also argues that there was a latent defect in the stairway. However, her second amended complaint did not allege the existence of such a defect, nor did it allege facts from which, even under a liberal construction, we could conclude that she relied on the existence of such a defect as a basis of liability.

■ The plaintiff's final point is that the alleged violations of the Chicago Housing Code are prima facie evidence of negligence and must be submitted to a jury. Three specific violations are alleged: the failure to provide sufficient artificial lighting for the stairway, failure to provide a proper handrailing and failure to provide proper risers and treads for the staircase. The violation of an ordinance is prima facie evidence of negligence if the ordinance is designed for the protection of human life or property. If a plaintiff falls within the class of persons the ordinance is designed to protect, and if the violation is the proximate cause of the injury, the plaintiff has a cause of action. Dini v. Naiditch, 20 Ill2d 406, 170 NE2d 881 (1960); Kapka v. Urbaszewski, 47 Ill App2d 321, 198 NE2d 569 (1964); Bell

v. Willoughby Tower Bldg. Corp., 46 Ill App2d 45, 196 NE2d 487 (1964).

■ ■ We have examined the Chicago Housing Code in detail and in our opinion it is a public safety measure. The City Council declared its purpose to be the protection of the "public health, safety, comfort, morals and welfare of the people of the city of Chicago" (section 78–11) and no argument has been advanced here to challenge the findings of the Council that substandard dwellings affect public health and safety. The provisions of the Housing Code concern themselves to a large extent with the condition of premises leased to tenants, and the condition of such premises has an obvious connection with the health and safety of the tenant-occupant. A tenant is clearly within the class of persons designed to be benefitted and protected by the Code.

■ ■ Further, the Housing Code represents a significant change from common-law standards. At common law, there was no prohibition against letting a tumbledown house. (1 Tiffany, Landlord and Tenant, sec 86 at 557 (1910); Koenigshofer v. Shumate, 68 Ill App2d 474, 216 NE2d 195 (1966). The Code imposes the obligation upon the landlord to refrain from letting or holding out to another for occupancy any dwelling (defined as "any building which is wholly or partly used or intended to be used for living or sleeping by human occupants") or family unit (defined as "a room or group of rooms used or intended to be used as a housekeeping unit for living, sleeping, cooking and eating") which does not meet the standards set out by the Code. Likewise, at common law, there was no duty upon the tenant to keep the premises in any particular condition—his duty was to use the premises in such a way as not substantially to injure them so that the estate would revert to the landlord undeteriorated by

his willful or negligent conduct, in other words, to avoid waste. 45 ALR, Tenant's Covenant to Repair, 12, 13 (1926). Section 78–18.1(a) of the Code places upon the tenant the duty to "keep that part of the family unit which he occupies and controls in a clean, sanitary and safe condition." The Housing Code thus establishes a duty of care based upon contemporary conditions, values and norms of conduct in this community. We must assume that the ordinance reflects the collective judgment of the community as to the existence of potentially harmful conditions and what duties with respect to those conditions are expected by reasonable men in this community from both landlord and tenant. "The law of torts can only be out of joint with community standards if it ignores the existence of such duties." Whetzel v. Jess Fisher Management Co., 282 F2d 943 (App DC 1960) at 946.

In defining these standards of care, section 78–14.6 requires every public stairway in a dwelling to be adequately lighted at all times "except that in a two-family dwelling an adequate lighting system which may be turned on when needed by conveniently located light switches shall be permitted instead of a full-time lighting system." The plaintiff's allegations concede that there was a lighting system, but state that it was defective because it was controlled by the landlord and was not turned on. Neither of the conditions complained of appear to be in violation of the ordinance.

 Section 78–17.5 imposes a general requirement that every stairway shall be kept in safe condition and repair, and its subsections establish specific standards. Section 78–17.5(b) requires every stairwell and flight of stairs more than two risers high to have "rails not less than two and one half feet high, measured vertically from the nose of the tread to the top of the rail. . . ." There is no requirement that the railing be continuous along the full flight of stairs, that it cannot

184

be in sections with reasonable spaces between them; this is just the plaintiff's interpretation of the ordinance. It is conceded that there was a railing on the staircase—although there may not have been one at the exact point where the staircase turned. The interval in the railing or the lack of a rail at the point the plaintiff fell does not appear to be a violation of the ordinance.

 Section 78–17.5 (f) requires the riser height and the tread width of each flight of stairs to be uniform. The plaintiff states that the width of the tread where the stairway made the turn was insufficient, being only two inches wide. We assume that she means two inches deep, since a tread two inches wide would be suitable only for a dollhouse, not a dwelling. We assume, likewise, that the ordinance, in referring to width, means the dimension between the supporting structures of the staircase and not the dimension from the edge of the tread back to the riser. Otherwise, the ordinance would have to be construed as prohibiting any type of curved staircase. We do not so construe it. Under this view, it does not appear that the ordinance was violated by the defendant.

Thus the alleged violations of the Housing Code are not prima facie evidence of negligence on the part of the defendant and the court did not err in entering summary judgment as to this aspect of the action.

The judgment is reversed in part and affirmed in part. The cause is remanded for further proceedings not inconsistent with this opinion.

Affirmed in part, reversed in part and cause remanded with directions.

SULLIVAN, P. J. and SCHWARTZ, J., concur.