GONZALES and another, Plaintiffs and Respondents, v. WILKINSON, Defendant and Appellant: PRUEHER, Defendant and Respondent.

*No. 413. Argued January 6, 1975.—Decided April 21, 1975.*
(Also reported in 227 N. W. 2d 907.)

For the appellant there were briefs by *Kasdorf, Henderson, Dall, Lewis & Swietlik,* attorneys, and *Kenton E. Kilmer* and *Russell M. Ware* of counsel, all of Milwaukee, and oral argument by *Mr. Kilmer.*

For the plaintiff-respondents there was a brief and oral argument by *Gerald T. Flynn* of Racine.

BEILFUSS, J.   The victim was a one-and-one-half-year-old child who wandered onto the next door neighbor's property where he was allegedly attacked and bitten on the head by a basset hound. Plaintiffs-respondents are the victim, Claude Anthony Gonzales, suing by his guardian *ad litem,* and his mother, Linda Gonzales. Defendant-respondent is Ray Prueher, owner of the dog. Defendant-appellant is James Wilkinson, owner of the duplex in which both Prueher and Wilkinson live, and which is next door to the plaintiffs' residence.

The complaint, which seeks to impose liability on defendants under the attractive-nuisance doctrine, alleges that Claude Gonzales walked from his yard to the backyard of the duplex next door and was attacked and bitten

by the dog. The complaint alleges that the dog had bitten individuals in the past and that this fact was known to defendants at the time of the incident. With respect to defendant Wilkinson, the owner of the duplex, the complaint alleges:

"That the attack and biting to Claude Anthony Gonzales by the Basset Hound named Bub was the direct and proximate result of the negligence of the individual defendant, James Wilkinson, in that the said defendant was negligent as to:

"(a) Allowing a dog of known vicious propensities to be upon premises under his control and maintaining an attractive nuisance in said dog.

"(b) In failing to adequately enclose the yard in which said vicious dog was located so as to prevent unsuspecting minors, and particularly Claude Anthony Gonzales, from entering therein.

"(c) In failing to provide someone to watch over the said vicious dog when the dog was in the yard where the incident occurred.

"(d) In allowing his tenant, the defendant, Ray Prueher, to maintain occupancy rights with respect to the duplex and its grounds while knowing that he maintained a vicious animal.

"(e) In maintaining an artificial condition in said dog which is inherently dangerous to children who don't know its propensities."

Similarly, as to defendant Prueher, tenant and owner of the dog, the complaint alleges:

"That the attack and biting to Claude Anthony Gonzales by the Basset Hound named Bub was the direct and proximate result of the negligence of the individual defendant, Ray Prueher, in that the said defendant was negligent as to:

"(a) Allowing a dog of known vicious propensities to be upon his premises and under his control and maintaining an attractive nuisance in said dog.

"(b) In failing to adequately enclose the yard in which his vicious dog was located so as to prevent unsuspecting minors, and particularly Claude Anthony Gonzales, from entering therein.

"(b–1) In maintaining an artificial condition in said dog which is inherently dangerous to children who don't know its propensities.

"(c) In failing to provide someone to watch over his said vicious dog when the dog was in the yard where the incident occurred.

"(d) In owning and allowing his dog to be on the grounds while knowing that he maintained a vicious animal."

The complaint seeks damages totaling $60,000.

Defendant Prueher filed an answer denying the material allegations of the complaint, and asserting an affirmative defense alleging that plaintiffs were contributorily negligent. This appeal does not pertain to defendant Prueher or his answer and affirmative defense.

Defendant Wilkinson demurred to the complaint on the grounds that it failed to state facts sufficient to constitute a cause of action. The trial court overruled the demurrer, and Wilkinson appeals.

The doctrine of attractive nuisance is unavailable to plaintiffs. The doctrine assumes the presence on the premises of an " 'artificial condition which [is] inherently dangerous to children.' " [1]  A dog cannot qualify. Although such a condition need not be permanently erected upon the land, it must be "artificially constructed." [2] Thus, in *Nechodomu v. Lindstrom* (1956), 273 Wis. 313, 77 N. W. 2d 707, 78 N. W. 2d 417, the court held an injured child could recover under the attractive-nuisance doctrine where he had inserted his hand into the moving drum of a mud-mixer machine left running and unattended on the defendant's property.

---

[1] *Kempen v. Green Bay & Mississippi Canal Co.* (1974), 66 Wis. 2d 185, 187, 224 N. W. 2d 202.

[2] 62 Am. Jur. 2d, *Premises Liability*, p. 419, sec. 148, note 3, citing *Reynolds v. Willson* (1958), 51 Cal. 2d 94, 331 Pac. 2d 48 (swimming pool). *See* Restatement, 2 *Torts* 2d, p. 197, sec. 339, and comment *d*, p. 199.

Although the doctrine of attractive nuisance has been shaped to get around the fact that a small child may be a trespasser when injured, the doctrine need not be relied on here because the complaint contains no allegation of trespass by the child.

As we indicated in *Terpstra v. Soiltest, Inc.:* [3]

"We are aware of the recent trend in other states toward the abolition of the common law distinctions between trespasser, licensee, and invitee in terms of the landowner's obligations. . . ."

We do not choose to consider the abandonment of the traditional rule in this case at the demurrer stage. If a change is to be considered, it should be on the basis of a complete record made on trial.

Although not argued by the parties, a minority of the court would hold the complaint sufficient to state a cause of action against the landowner Wilkinson upon the basis of common-law negligence. The majority does not agree.

In examining the complaint we find no allegation that James Wilkinson was either the owner or the keeper of the dog, nor is it alleged that he in any way had any dominion over the dog. There is an allegation that he knew his tenant, Ray Prueher, maintained a vicious dog on the premises but the law does not require him, as the owner of the building, to be an insurer for the acts of his tenant. Under the allegations of this complaint, we hold that the ownership and control of the premises created no duty on the part of the owner of the premises to the plaintiffs.

*By the Court.*—Order reversed and upon remand plaintiffs to be given twenty days to serve an amended complaint.

---

[3] (1974), 63 Wis. 2d 585, 593, 218 N. W. 2d 129. *See* cases cited at page 593.

WILKIE, C. J. *(dissenting in part).* I agree with the determination that a dog cannot qualify as an artificial condition which is inherently dangerous to children. I would not reverse, however, because the complaint, liberally construed, does allege a cause of action as against Wilkinson on the ground of negligence in that he allegedly owned and lived on the premises, controlled and maintained the dog and knew of the dog's viciousness while failing to take reasonable precautions to prevent injuries from occurring. That is enough to set forth a cause of action in negligence and I think it should be unnecessary to remand with plaintiffs given the opportunity to serve an amended complaint.