CHARLES SEAGO, Plaintiff-Appellant, *v.* RICHARD ROY *et al.*, Defendants-Appellees.

Third District    No. 80-344

Modified opinion filed on rehearing July 7, 1981.

ALLOY, J., dissenting.

Jerome Mirza & Associates, Ltd., of Bloomington, and Francis Householter, of Kankakee, for appellant.

Robert W. Bays and Richard L. Ackman, of Kankakee, for appellees.

Mr. JUSTICE HEIPLE delivered the opinion of the court:

This cause involves a negligence action between a landlord and tenant. The apartment building, a two-flat, is located in Kankakee, Illinois. The plaintiff, Charles Seago, is the tenant. When moving out of the upper apartment he suffered an injury on the stairway. Richard and Sondra Roy, the defendants, own the apartment building. The trial court granted their motion for summary judgment. Mr. Seago perfected this appeal.

In reviewing the propriety of a summary judgment order, the foremost inquiry is whether a genuine, triable issue of fact exists. The answer to this question requires scrutiny of the pleadings and their accompanying affidavits or depositions. If plaintiff has a provable claim, entry of summary judgment against him is wrong.

In sum, the complaint says that: on May 16, 1976, Charles Seago, a tenant in the Roys' apartment building, fell through a wooden guardrail on a stairway leading to his apartment; the railing was unsafe due to wood rot or decay; he sustained injuries, through no fault of his own, due to the railing's condition. On May 1, 1978, the defendants answered. The original answer admitted the stairway was a common area, but denied the railing was deteriorated or the cause of the accident. Mr. Seago was alleged to be at fault and the extent of his injuries disputed. Both sides propounded interrogatories. Attaching the plaintiff's discovery deposition, the Roys moved for summary judgment. On April 24, 1980, a hearing on that motion convened. The same day, with leave of court, the Roys filed an amended answer denying the stairway was a common area.

8

Did the trial judge err in granting summary judgment in favor of the defendants? We hold he did not err, and we affirm for the following specific reasons.

■■■ Generally, a landlord is not liable for injuries occurring on premises leased to, and under the control of, a tenant. Moreover, absent a covenant to repair in a lease agreement, or the landlord's knowledge of latent defects on the premises, he has no duty to repair premises demised to a tenant. (*Cuthbert v. Stempin* (1979), 78 Ill. App. 3d 562, 568-69.) Therefore, he is not liable in negligence for his failure to do so. An exception to this rule exists where a landlord retains control over common passageways or areas in an apartment building. Where a stairway or hallway is allocated for the common use of all tenants and the landlord retains control over such areas, he must make them reasonably safe. (*Murphy v. Illinois State Trust Co.* (1940), 375 Ill. 310, 312-14.) Failure to repair, then, may make the landlord liable for an injury resulting to a person lawfully in such common areas.

In their amended answer, the Roys denied the stairway where the accident occurred was a common area. In so doing, they denied their responsibility as landlords to repair the wooden railing and keep it safe. Did a duty arise? By denying responsibility, they raised the legal question of whether a duty was owed to the tenant and, therefore, whether Mr. Seago had a provable claim.

A denial that the stairway is a common passageway disclaims the proposition that a landlord has a legal duty to repair the stairway and its railing. Whether such a legal duty exists may well become a legal question for the trial court to decide. (*Cunis v. Brennan* (1974), 56 Ill. 2d 372.) Based on the record before us which indicates the stairway led only to plaintiff's apartment, there is insufficient evidence to find the Roys owed a duty to fix the stairway and its railing.

To determine who had the duty to repair, the agreement of the parties is controlling. In this case the oral lease between Mr. Seago and a prior landlord was silent as to which party had the duty to repair the stairway. Therefore, the party who had control over the stairway is the one having the duty to repair. (*Savka v. Smith* (1978), 58 Ill. App. 3d 12.) Because the lease agreement was silent, the parties' conduct is the best indication of who had control over the stairway.

Two stairways entered the upstairs apartment. The one from which the tenant fell serviced his apartment exclusively. At his tenancy's inception the stairway was in good repair. No other tenants used the stairway as a means of access. In his discovery deposition the plaintiff was vague, and at times contradictory, as to when and what extent repairs to the stairway were made by the prior landlord. A fair reading of the transcript shows that any repairs made by that landlord were minimal.

■■ Merely because a landlord makes minor repairs or cosmetic changes to rental property, he does not thereby become accountable to fix areas under the tenant's control or assume liability from consequent injuries that occur in those areas. A duty is an affirmative obligation to act or refrain from acting so as to avoid creating an unreasonable risk of harm to another. Where a party's conduct, as opposed to his express agreement, is the premise for imposing such a duty, the acts or omissions giving rise to the conduct must be substantial and clearly delineated. If not, the placement of liability for any resulting injury is anyone's guess. And, the possibility that an accident could happen is no foundation upon which to assign fault. The evidence of record does not support the conclusion that the activities of the Roys were of such a degree to establish their control of the stairway. Nor were the few intermittent repairs made by the prior landlord clearly defined, continuous, or substantial to show control. The trial judge was correct in finding the Roys did not control the stairway where Mr. Seago fell. Thus, the Roys had no duty to repair. Accordingly, since a duty was not owed, plaintiff's claim could not have succeeded at trial. Summary judgment, given such circumstances, was proper.

Accordingly, we affirm the order of the trial court granting summary judgment to the defendants.

Affirmed.

SCOTT, P. J., concurs.


Mr. JUSTICE ALLOY, dissenting:

I do not agree with my colleagues that summary judgment was properly applicable in the above case and believe that the record clearly shows that summary judgment should not have been entered in this cause.

According to the pleadings and the discovery depositions of the parties, all before the court at the hearing, Charles Seago had first rented his second floor apartment in a Kankakee apartment building in March of 1974. The second floor apartment had an outside stairway, with two landings and railings. The stairway, landings and railings were all made of wood. In addition to the outside entrance, there was also an inside stairway, accessible through a side door on the ground level, which led to the second floor apartment. The outside stairway serviced only the one apartment. According to Seago's deposition, he had rented the apartment from a man named Burke, who was the owner of the building in March 1974. There was no written lease and the tenancy was from month to month. During the tenancy, according to Seago's testimony, Burke, as

landlord, made repairs on the outside stairway leading to the apartment. The repair work was done on the stairs and on the second landing. In addition to repair work on the stairway, Burke also painted the stairway, landings and railings. The work was done in September 1975, in response to Seago's complaints about the condition of the stairway.

In April 1976, Burke sold the property to the defendants Richard and Sondra Roy. Prior to their purchase, according to Richard Roy's deposition, they had inspected the property. They looked at the stairway and railings to see if repairs were needed and concluded that none were needed. After their purchase, the Roys did yard work and some clean-up work around the building. Seago, in his deposition, stated that a roommate complained to the Roys about the condition of the railing on the landing. The Roys deny any such notice or conversation about the landing railing. In any event, the Roys sent Seago a termination notice on May 3, 1976, evicting him from the second floor apartment. Pursuant to eviction, Seago and his friend were moving from the apartment on May 16, 1976. During the move, plaintiff Seago, while throwing a blanket from the landing to a pick-up truck below, fell from one of the landings of the outside stairway. According to allegations and statements before the court, the injuries he suffered were the result of his fall from the wooden railing, which had deteriorated and was in poor condition. The railing broke and fell to the ground with him. Within a day or two after the accident, the Roys replaced the railing and also some boards in the stairway. The broken railing was preserved and made available to the trial court for its inspection at the summary judgment hearing.

The plaintiff Charles Seago's position, based upon the evidence produced by way of deposition and the pleadings, was that the outside stairway to his apartment, including therein the landings and railing, was treated as a common area and that it was under the control of the landlords. The circuit court entered summary judgment for the defense, based upon the defendant's contention that the outside stairway was not part of a common area, and was thereby part of the demised premises. From that judgment and order the plaintiff appeals.

Summary judgment is appropriately rendered when it is shown, based upon the pleadings and the evidence before the court, that there is no genuine issue of material fact and that the moving party is entitled to summary judgment as a matter of law. (Ill. Rev. Stat. 1979, ch. 110, par. 57(3).) In deciding such motion, all pleadings, depositions and affidavits should be strictly construed against the movant and most liberally construed in favor of the opponent. (*Baier v. State Farm Insurance Co.* (1975), 28 Ill. App. 3d 917, 329 N.E.2d 543.) All favorable inferences should be entertained in favor of the nonmoving party. In the instant case, the evidence before the court by way of deposition raised a genuine issue

on the factual question of the landlord's responsibility over and control of the outside stairway to the second floor apartment. Therefore, the court erred in entering summary judgment for the defendants.

The circuit court erred in treating the case as if the question at issue was merely whether the stairway was a part of the demised premises, or whether it was part of a common area. Rather, the underlying question in this case was who, as between the landlord and tenant, exercised control over and assumed responsibility for the care and maintenance of the outside stairway. That question is one addressed to the agreement of the parties with respect to the outside stairway. In the absence of evidence indicating an agreement or conflict between the parties on the question, a court will look to whether the part of the premises is a common area or whether it is part of the premises demised to the tenant in making a determination as to who had control and responsibility. Absent agreement between the parties, if the outside stairway was determined to be a part of the demised premises, then responsibility for the upkeep and maintenance would fall on the tenant. *Cuthbert v. Stempin* (1979), 78 Ill. App. 3d 562, 568, 396 N.E.2d 1197.

In the instant case, the presumptive rules with regard to responsibility, as between landlord and tenant, are not determinative, because in the case there was evidence presented that indicated that responsibility and control over the stairway, so far as repair and maintenance is concerned, was exercised by the landlord, under the original terms of the oral lease. In *Gula v. Gawel* (1966), 71 Ill. App. 2d 174, 180, 218 N.E.2d 42, the landlord argued that a stairway usable only by a single tenant is part of the demised premises and under the control of the tenant, as a matter of law. The court there rejected that contention and the strict, arbitrary approach suggested therein. Instead, the court adopted a practical approach, indicating a number of factual matters which must be considered in making a determination in a given case as to who had control over a stairway so as to be held responsible for its care and maintenance. The court stated:

> "Where a stairway leads, the use to which it is put and by whom, are factors to be considered by the trier of fact along with the intention of the parties, the terms of their lease, the responsibility for repairs, maintenance and illumination and all other factors which tend to show control in either the landlord or the tenant." (71 Ill. App. 2d 174, 180.)

In that case the court concluded that a genuine issue of material fact on the question of control had been presented, and it reversed an entry of summary judgment for the landlord. In *Savka v. Smith* (1978), 58 Ill. App. 3d 12, 373 N.E.2d 1051, cited by the landlord and relied upon by the trial court, this court upheld a jury verdict in favor of a defendant-landlord.

Our opinion in that case, however, is not contrary to the rule set forth in *Gula v. Gawel*, above quoted. In *Savka* we found that the stairway in question was only for the use of the tenant *and that there was insufficient evidence to indicate control over the stairway by the landlord.* (58 Ill. App. 3d 12, 16.) Our opinion in *Savka* is not controlling in the case at bar because there was sufficient evidence in this case presented to the court that the landlord had exercised control and responsibility over the outside stairway and because favorable inferences from the evidence must be given to the plaintiff, at this, the summary judgment stage.

It is clear that plaintiff leased from the prior owner on a month-to-month tenancy in which the landlord exercised control and the obligation to repair the area under consideration. The defendants purchased the property subject to the month-to-month tenancy of Seago.

An area can be totally for the benefit of one tenant, and thus not a common area, and yet it can remain under the responsibility and control of the landlord, all depending upon the terms of the lease, the understanding parties and other factors showing control in either the landlord or tenant. Of course, in seeking to ascertain the terms of any lease, the court must attempt to discern the intentions of the parties to the lease. Where the language of the lease is clear, such language will be given its common and generally accepted meaning. *Turner v. Shirk* (1977), 49 Ill. App. 3d 764, 767, 364 N.E.2d 622.

Where, however, the terms of the lease are ambiguous or uncertain, the court will look to surrounding circumstances, including the actions and conduct of the parties under the lease, in ascertaining the intentions. (*Cory v. Minton* (1977), 49 Ill. App. 3d 312, 316, 364 N.E.2d 311.) These rules are merely outgrowths of the established rules of construction in contract law. It is firmly established that in construing an indefinite contract, whether written or oral, a court will look to and adopt the interpretation which the parties have placed on the contract. (*O'Brien v. Board of Education* (1979), 70 Ill. App. 3d 604, 608, 388 N.E.2d 1104.) In such cases, the parties' actions under the contract are often "the strongest evidence of their intended meaning." *Chicago & North Western Ry. Co. v. Peoria & Pekin Union Ry. Co.* (1977), 46 Ill. App. 3d 95, 101, 360 N.E.2d 404.

Thus, in the instant case, we must look to the actions and conduct of the parties involved in determining the leasehold terms with respect to the repair and maintenance of the outside stairway leading to the second floor apartment. Evidence in the plaintiff's deposition, which must be favorably indulged on the summary judgment motion, indicated that his original landlord, Burke, had assumed responsibility for the repair and maintenance of the stairway and had exercised control over it. In 1975, in response to notice by plaintiff, Burke made repairs to the stairway and

landing of the outside stairway. He also painted it. This evidence raises an inference that there was an understanding and agreement, based upon the original lease, that the stairway was to be under the responsibility and control of the landlord, so far as its care and maintenance was concerned.

The Roys bought the property from Burke, and took over as landlords of the property. There is no indication at this time that the pertinent terms of the existing oral leases were in any way altered or modified, either expressly or by implication arising from conduct of the parties, when the Roys assumed ownership. They took the tenants, so far as the record now shows, subject to the same terms and conditions as Burke had agreed upon in first leasing the apartments. Under the circumstances, the evidence of the previous landlord's actions in maintaining and repairing the outside stairway is sufficient to present an issue of material fact on the question of the landlord's control over the outside stairway. Given this evidence, summary judgment would be appropriate only if undisputed evidence established that the pertinent terms of the existing lease were modified so as to place responsibility for the stairway upon the tenant. No such evidence, as noted, was presented to the court. It would also seem incredible that a month-to-month residential tenant would be obligated to make structural repairs, such as involved in the instant case. Prospective month-to-month tenants, under an oral lease should not be presumed to be obligated to make structural repairs, simply because an entryway is not a so-called common area.

We also note that other evidence before the court established that the Roys had made repairs to the broken landing and railing within several days after the accident. Such repair gives rise to an inference of control in some cases; and while the significance of the repair is diminished because of the fact that some repair was necessary in order for the Roys to relet the apartment, nevertheless the evidence of prompt repair by the Roys, viewed most favorably to Seago, and in conjunction with the other evidence, supports an inference of their control and responsibility for repairs to the stairway. When all of the evidence on the question of control is viewed most favorably to the plaintiff, it must be concluded that a genuine question of material fact was presented on the issue of the landlord's control over the outside stairway and its repairs. Because of the existence of the factual question, the trial court erred in entering summary judgment for the defendants. I believe that the judgment of the Circuit Court of Kankakee County should be reversed and the cause remanded for further proceedings.