BARBARA J. HIATT, APPELLANT AND CROSS-APPELLEE, V. MARY ANN TALLMAGE, APPELLEE, PATRICK KRUG, APPELLEE AND CROSS-APPELLANT.

365 N.W.2d 448

Filed April 5, 1985.   No. 83-954.

Thomas R. Wolff, for appellant.

William J. Brennan, Jr., of Fitzgerald, Brown, Leahy, Strom, Schorr & Barmettler, for appellee Krug.

BOSLAUGH, HASTINGS, CAPORALE, and SHANAHAN, JJ., and COLWELL, D.J., Retired.

BOSLAUGH, J.

The plaintiff, Barbara J. Hiatt, brought this action in the district court for Douglas County, Nebraska, against the defendants, Mary Ann Tallmage and Patrick and Katherine Krug, to recover damages for the personal injuries she sustained when she fell down a flight of stairs. The action against Katherine Krug was dismissed by stipulation of the parties.

After a trial the jury returned a verdict for the plaintiff in the amount of $85,000. Both of the remaining defendants filed motions for a new trial. The district court sustained the motion of the defendant Krug only. The plaintiff has appealed and the defendant Krug has cross-appealed; the defendant Tallmage did not perfect an appeal.

The principal issues here are (1) whether the jury should have been allowed to determine whether the stairway was a common area and (2) whether the allegation that the defendant Krug failed to supervise the maintenance of the animals of tenants was a proper allegation of negligence.

The record shows that the plaintiff and Tallmage were tenants in an apartment building at 5501 South 33d Avenue, Omaha, Nebraska, which was owned by the defendant Krug. The building, which is in a residential area, was described as a two-story dwelling with an apartment on the first floor and an apartment on the second floor. The plaintiff lives in the second floor apartment.

The front entrance of the building leads to the first floor apartment only. To gain access to her second floor apartment, the plaintiff had to enter through a door in the rear of the

building. Inside the rear door is a porch area used by both tenants. On the left of the porch area is a small landing. A back door to the first floor apartment is on this landing. A 17-step stairway leads from this landing to the doorway of the second floor apartment and serves no purpose but to provide access to that apartment.

Both the plaintiff and Tallmage owned dogs. At the time of the accident, Tallmage's dog, Coco, and its 1- to 2-week-old puppies were being kept in the porch area. There is a conflict in the testimony as to the difficulties this posed insofar as keeping the area clean and in the complaints made by the plaintiff to Krug and Tallmage concerning the problem. Nonetheless, the plaintiff testified that on the morning of September 27, 1982, she noticed a dog's excretions on the lower third and/or fourth steps to her apartment. She called Krug that morning from work to complain, leaving a message with his wife in his absence. When the stairs were not cleaned when she returned home that evening, plaintiff knocked on Tallmage's door and told Tallmage's mother about the problem. Tallmage's mother responded that she would clean it up right away. Plaintiff then proceeded up the stairs.

On one of the steps near the top of the stairs, plaintiff stepped in further dog excretions, causing her to slip and fall down the length of the stairs to the landing.

The first issue on appeal concerns the status of this stairway as a common area. In granting Krug's motion for a new trial, the district court found that "the questions as to whether or not the stairs involved herein were a 'common area' should also have been for the jury's determination at least, to be determined in the light of all significant circumstances, such as the location of the stairway and the use actually made of it."

While the plaintiff urges that the jury instructions given did not foreclose the jury from considering this question, under the facts in this case the jury should have been instructed, as a matter of law, that the stairway was not a common area.

Where different parts of an apartment house are leased to several tenants, the approaches and common passageways normally do not pass to the tenant but remain in the possession and control of the landlord. An exception to this rule is where a

stairway services only one apartment. Prosser and Keeton on the Law of Torts, *Owners and Occupiers of Land* § 63 at 440 (5th ed. 1984).

The defendant Krug testified that he considered the stairway a part of plaintiff's leased premises; furthermore, the plaintiff kept the stairs clean and referred to the area as "my entryway and stairs." There was no evidence that the defendant landlord, Krug, retained any control over the stairway whatsoever; rather, it was intended for the exclusive use of the plaintiff.

In *Porter v. Miller*, 13 Ohio App. 3d 93, 468 N.E.2d 134 (1983), the court held: " 'If a landlord, in renting an apartment, retains no right to the possession and control of a stairway leading from a first floor landing to the second floor landing of the leased apartment, then he is under no legal duty to keep it free from ice and snow.' " *Id*. at 97, 468 N.E.2d at 138. In *Porter* the tenant brought an action for damages against a landlord after she slipped on a walkway which led from the sidewalk to the steps adjacent to her apartment. Her apartment was one of four units in a two-level house. The court found, as a matter of law, that the landlord could not be found liable on a negligence theory because the walkway in question was not a common area. Furthermore, the fact that another tenant infrequently used the same steps or pathway did not suffice to show it was a common area.

Similarly, in *Seago v. Roy*, 97 Ill. App. 3d 6, 424 N.E.2d 640 (1981), the plaintiff was injured when he fell through a wooden guardrail on stairs which exclusively serviced his upstairs apartment. The landlord denied that the stairs were a common passageway. The court found that the landlord had no legal duty to maintain the stairs. "Whether such a legal duty exists may well become a legal question for the court to decide. [Citation omitted.] Based on the record before us which indicates the stairway led only to plaintiff's apartment, there is insufficient evidence to find . . . a duty to fix the stairway and its railing." *Id*. at 8, 424 N.E.2d at 641-42. Furthermore, the court found that a landlord does not become accountable to fix areas under the tenant's control or assume liability merely because he has made minor repairs or cosmetic changes to that property in the past.

The same conclusion was reached in *Sargent v. Ross*, 113 N.H. 388, 308 A.2d 528 (1973), where the court held that a stairway servicing only the plaintiff's second story apartment was not a common stairway or otherwise under the landlord's control. Thus, the landlord was not liable under the "control test." *Id.* at 393, 308 A.2d at 531-32, citing Annot., 26 A.L.R.2d 468 (1952). See, generally, Annot., 67 A.L.R.3d 587 (1975).

In this case the facts demonstrate that the stairway constituted a separate entrance to the plaintiff's upstairs apartment and that it was intended for that exclusive use. As such, it was not a common area. *Parson v. Whitlow*, 453 S.W.2d 270 (Ky. 1970); *Schachter v. Conen*, 258 A.D. 487, 17 N.Y.S.2d 88 (1940).

Since the stairway was under the control of the plaintiff, the only remaining theory of liability pleaded was the failure to supervise the maintenance of tenants' animals in the building. The plaintiff cites no case law imposing such a duty upon a landlord.

While some authority may be found establishing a landlord's liability for injuries caused by a tenant's vicious pet, it would be unreasonable to extend liability under the facts in this case. See, generally, Annot., 81 A.L.R.3d 638 (1977). Under the circumstances in this case the landlord was not liable for the acts of his tenant. In *Gonzales v. Wilkinson*, 68 Wis. 2d 154, 227 N.W.2d 907 (1975), it was held that a duplex owner owed no duty to a plaintiff who was bitten by a tenant's dog. The court found that absent an allegation that the landlord was the owner or keeper of the dog, or had dominion over the dog, he could not be found liable on the basis of common-law negligence.

It is unnecessary to discuss the remaining issues.

The defendant Krug's motion for judgment notwithstanding the verdict should have been sustained. The judgment is reversed and the cause remanded with directions to dismiss the petition as to Patrick Krug.

REVERSED AND REMANDED WITH DIRECTIONS.

SHANAHAN, J., dissenting.

As a matter of law, according to the majority, the stairway in question "serves no purpose but to provide access" to Barbara

Hiatt's upstairs apartment, and, therefore, such exclusive use negated any characterization of the stairway as a common area. As a matter of fact, there was every indication that the stairway was a common area utilized by the tenants in the two-apartment structure.

Barbara Hiatt and Mary Ann Tallmage were Krug's tenants since September 1980—over 2 years before the accident. Tallmage lived with her children and her mother in the ground-level apartment, while Hiatt and her young son lived upstairs. At the base of the stairway there was no door or any other obstruction prohibiting movement up or down the stairs. Although the apartment had a backyard where the children played, as acknowledged by Tallmage's mother, during cold or inclement weather the Tallmage children and the Hiatt boy played on the porch and would "play games on the steps." Tallmage also verified that her children and young Hiatt played on the porch and ran "up and down the stairs."

Phyllis Deloa, a visitor to the Hiatt apartment, testified that during her visits for 2 weeks before the accident, she observed "piles of dog excretion" on the porch-entry and on the lower stairs. The Tallmages, in particular Mother Tallmage, scrubbed the porch with Pine-Sol. Krug testified that the porch was a common area belonging "to both apartments. They both used it." Further, Krug admitted receiving Hiatt's letter approximately 10 days before the accident. That letter contained Hiatt's complaint about the dog problem.

The real issue in this case is whether the stairway was a common area under the control of Krug.

Other jurisdictions have recognized that a porch or roof of an apartment, when used as a playground or recreational area by children of tenants, may constitute a common area. See, *Henry v. Haussling*, 114 N.J.L. 222, 176 A. 564 (1935) (roof); *Bolcar v. Mintz*, 119 N.J.L. 219, 195 A. 619 (1937) (porch); *Campagna v. Cozzi*, 59 Ill. App. 2d 208, 207 N.E.2d 739 (1965) (porch); *Gill v. Jakstas*, 325 Mass. 309, 90 N.E.2d 527 (1950) (piazza). The same rationale applies in cases of hallways or stairways so used.

In this case the evidence points to a common use of the stairway by Hiatt and Tallmage. There is strong circumstantial

evidence that Tallmage's dog used the stairway, euphemistically speaking, as an exercise area. More important, there is positive, direct testimony that the children of the tenants used the porch and stairway as a playground or recreational area. Such use in common by the tenants may well have been an adjunct in the enjoyment of the apartment rented by each tenant and may have been a mother's salvation on a rainy day. At least there was a jury question.