[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#108)
The minor plaintiff, Christy Rose, has brought this personal injury lawsuit seeking damages for injuries received from a dog bite. The plaintiffs complaint is in two counts. Count one is brought against the defendant, Sharon Tomaso ("Tomaso"), as owner and keeper of the dog alleging both common law negligence as well as strict liability pursuant to General Statutes § 22-357. Count one is not addressed by the present motion. Count two alleges common law negligence against the defendants, Joseph A. Wynosky and Jacqueline B. Wynosky (hereinafter "landlords"), as owners of the premises known as 98 Henry Street, East Haven, Connecticut. The landlords have moved for summary judgment asserting that, as a matter of law, they owe no duty to persons injured by their tenant's dog. For the reasons set forth below, the motion for summary judgment is granted.
BACKGROUND
The essential facts are not in dispute. Sharon Tomaso leased the premises at 98 Henry Street, East Haven from the landlords pursuant to a written two year lease executed in November 1995. Beginning in the summer of 1996, Christy Rose regularly babysat for Sharon Tomaso's children. The Tomasos had a dog named Rocky that was kept on the premises at 98 Henry Street.
On March 12, 1997, Christy Rose was babysitting inside the Tomaso home. At that time, it was reported that Rocky had broken loose from his outside chain. One of the Tomaso children called Rocky into the house. Upon entering the house, the dog approached and bit Christy Rose on her right arm causing injury.
DISCUSSION
1. Motion to Reargue
Before addressing the merits of the summary judgment motion, the plaintiff has raised a procedural issue requiring resolution. The present motion is before the court through the following procedural history. On March 23, 1999, the motion for summary judgment was filed. The motion was denied on December 13, 1999 based on the failure of defendants' counsel to appear for argument. On February 1, CT Page 5476 2000, the defendants filed a Motion for Reconsideration. In that motion, counsel stated: (1) that he had only received notice of the summary judgment argument the day before; (2) that he was a new hire in the office and had taken over the file from a lawyer who left; (3) that a scheduling conflict had arisen such that he would be delayed in arriving at court on December 13, 1999; (4) that he had informed plaintiffs counsel of the fact that he would be late; (5) that the information concerning his anticipated but delayed arrival was not given to the court at 9:30 a.m. when the motion was called and denied for failure of counsel to appear; and (6) that he arrived at 9:47 a.m.
The plaintiff asserts that the defendants' motion for reconsideration should be denied because it was filed beyond the twenty day time limit set forth in Practice Book § 11-12. The plaintiff is correct that the motion for reconsideration was untimely. Our rules, however, are to be interpreted so as to advance justice. See Practice Book § 1-8. On the present record, barring the landlords from a hearing on the merits of their motion given the circumstances set forth above, would not advance that goal. Accordingly, the plaintiffs objection to the motion for reconsideration is overruled.
2. Motion for Summary Judgment
Pursuant to the Practice Book, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 17-49.
Summary judgment is appropriate only if a fair and reasonable person could conclude only one way. Miller v. United TechnologiesCorp., 233 Conn. 732, 751 (1995). A summary disposition should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party. Id.
In determining whether there exists a genuine issue of material fact, the trial court must view the evidence in the light most favorable to the nonmoving party. Hertz Corp. v. Federal Ins. Co.,245 Conn. 374, 381 (1998). "A genuine issue has been variously described as a triable, substantial or real issue . . . and has been defined as one which can be maintained by substantial evidence."United Oil Co. v. Urban Development Commission, 158 Conn. 364, 378 (1969).
A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case. United Oil v.CT Page 5477Urban Development Commission, supra, 158 Conn. 379.
The movant has the burden of demonstrating the absence of any genuine issue of material fact. Hertz v. Federal Ins. Co., supra,245 Conn. 381. The party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Id.
"Although the party seeking summary judgment has the burden of showing the nonexistence of materials fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. It is not enough however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertion of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court. Maffucci v. RoyalPark Ltd. Partnership, 243 Conn. 552, 554-55 (1998).
Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner.Fogarty v. Rashaw, 193 Conn. 442, 446 (1984). The issue of whether a defendant owes a duty of care is an appropriate matter for summary judgment, however, because the question is one of law. Pion v.Southern New England Telephone Co., 44 Conn. App. 657, 660 (1997).
The plaintiffs action against the landlords is based on common law negligence and not on the dog bite statute, § 22-357. In their briefs, both sides have cited cases dealing with the application of §22-357. Those cases are inapposite to the plaintiffs allegations against the landlords. No appellate case in Connecticut has addressed the issue of a landlord's common law responsibility for injuries caused by a tenant's animal. The two Superior Court cases that have considered the question have reached opposite results.
The general rule is that where premises are rented by a tenant who acquires exclusive possession and control, a landlord is not liable for attacks by animals kept by the tenant on those premises. See Landlord's Liability to Third Person for Injury Resulting From Attack on Leased Premises By Dangerous or Vicious Animal Kept By Tenant, 87 A.L.R.4th 1004, 1028 (landlord not liable based on view that lease transfers possession and control to tenant); see alsoZwinje v. Love, 37 App.Div.2d 874, 325 N.Y.S.2d 107 (1971); Gonzales v.Wilkinson, 68 Wis.2d 154, 227 N.W.2d 907 (1975). This approach is in accord with the Restatement rule that extends liability to owners and harborers of dangerous animals, but not to landowners. Restatement CT Page 5478 (Second) Torts, § 514, Comment a.
The principal Connecticut case relied on by the landlords, Goffv. Timothy, 1 Conn.L.Rptr. 385 (1990), followed this approach in granting summary judgment in favor of a landlord who had been sued for damages arising out of an incident where a tenant's dog bit the victim in a common area of a multi-family dwelling.
The plaintiff relies upon Duhaime v. Mills, No. CV91034521S (Jun. 30, 1992), J. D. Ansonia Milford. In Duhaime, a dog had broken loose from the property where it had been chained and bitten the victim. The court denied the landlord's motion for summary judgment with respect to common law negligence finding that a genuine issue of material fact existed as to the landlord's knowledge of the dangerous proclivities of the dog at the time of entering into the lease. The ruling in Duhaime was based on a New York case, Strunk v. Zoltanski,62 N.Y.2d 572, 479 N.Y.S.2d 175, 468 N.E.2d 13 (1984).
In Strunk v. Zoltanski, a divided Court of Appeals of New York recognized an exception to the general rule of nonliability of landlords for injuries caused by a tenant's animal. The decision emphasized that, on the facts presented, a jury might find that the landlord knew of the vicious nature of the tenant's dog before entering the lease, and by entering the lease nonetheless, the landlord had created a foreseeable risk that operated to harm the plaintiff. 479 N.Y.S.2d 177.
On the record of the present case, there are at least three reasons why the general rule should be followed. First, the plaintiff has made no factual claim that would bring this case within theStrunk v. Zoltanski exception. Neither the pleadings, memorandum or affidavit address the landlords' knowledge, if any, as to Rocky's vicious nature at the time the Tomaso lease was entered. There is no evidence that the tenants even had the dog when the lease was entered in November 1995. Second, the dog bite alleged in this case took place inside the leased premises. This is an area where the landlords' control was at a minimum, based on the leasehold estate held by the tenant. In Duhaime, the victim was on her own property when bitten by the dog. Third, following the general rule of nonliability is in accord with Connecticut law regarding a landlord's duty as to premises under a tenant's control. See Wright, FitzGerald Ankerman, Conn. Law of Torts (3d Ed.), § 59 (landlord generally not liable for premises defect that caused injury to visitor of tenant).
Accordingly, based on the reasons set forth above, the motion for summary judgment is granted in favor of defendants Joseph A. Wynosky CT Page 5479 and Jacqueline B. Wynosky.
So Ordered at New Haven, Connecticut this 1st day of May, 2000.
Devlin, J.