DEAN TURNER, Plaintiff-Appellee, *v.* RONALD E. SHIRK, Ex'r of the Will of Virginia W. Leeper, Deceased, Defendant-Appellant.

Fourth District   No. 13850

Opinion filed June 13, 1977.

James K. Gardner and Karen L. Tarrant, both of Chicago (DePew, Grimes & Chesley and Friedman & Koven, of counsel), for appellant.

Ralph Turner, of Yoder, Yoder, Luedtke & Hartweg, of Bloomington, for appellee.

Mr. JUSTICE REARDON delivered the opinion of the court:

Defendant, Ronald Shirk, executor of the estate of Virginia Leeper, deceased, appeals from a decree of the circuit court of De Witt County construing a provision of a lease in favor of plaintiff, Dean Turner.

In December, 1974, a lease was in effect relating to 100 acres of De Witt County farm land between plaintiff, the lessee, and defendant, the lessor. This lease had been initially entered into by plaintiff and Virginia Leeper in 1965 but by its terms had continued in force from year to year. Paragraph 15 of the lease provided:

> "15. Second Party [Turner] shall have first option to purchase any land described in this Lease during any lease term or any extension thereof in the event first party [lessor, Virginia Leeper] desires to sell. Tenant shall be given opportunity to meet any bona fide offer from a third person or the opportunity to purchase at the fair cash market value based on appraisal as determined by three appraisers whereby one appraiser would be selected by First Party, one by Second Party and the two so selected would select a third appraiser."

Paragraph 17 of the lease made it binding upon the heirs, administrators, and executors of the parties.

Within the lease period, in early January 1975, defendant caused an advertisement to be published in two local newspapers announcing a sale at public auction of the land to be held on January 25, 1975. The advertisement contained a condition that the "[u]ndersigned Executor reserves the right to reject any and all bids." Defendant also caused a "For Sale" sign to be placed on the land.

On or about January 10, 1975, plaintiff noticed the advertisement and sign and immediately contacted defendant and the attorney for the Leeper estate, James DePew, informed them of his desire to purchase the land and tendered his appraiser. Shortly thereafter defendant canceled the auction because he and Jerry McCoy, residuary legatee of the Leeper estate, believed that any litigation involving the land would hold the price down. Defendant refused to sell the property to plaintiff and plaintiff thereupon brought this action for a lease construction and for specific performance. After a hearing on the merits, the trial court found in favor of the plaintiff, reasoning that defendant had evidenced a desire to sell the land within the meaning of paragraph 15 and that plaintiff had perfected his opportunity to purchase through the option and appraisal method.

Defendant-appellant maintains that the trial court erred as a matter of law in holding that defendant sufficiently evidenced a desire to sell so to give plaintiff a right to purchase. The cornerstone of defendant's argument is that paragraph 15 merely gave plaintiff a right of first refusal and his right to purchase never arose thereunder. Furthermore, according to defendant, his desire not to sell was shown by the lack of an existing, definite, acceptable offer. Defendant claims that he was not bound to sell to plaintiff or anyone and that he was not obligated to take any fair cash market value or an appraised value amount because he did not desire to sell the land. He views the auction as merely a solicitation for bids to determine the value of the land. Plaintiff-appellee contends that paragraph 15 gave him the right to purchase the land when defendant's conduct established his desire to sell.

■■ A right of first refusal, also referred to as a pre-emptive right to purchase, first right to purchase, pre-emptive option, or right of pre-emption, involves the creation of a privilege in lessee to buy only on the formulation of a desire by the owner to sell upon the terms and price at which the owner is willing to sell to a third party. (*Martin v. Prairie Rod and Gun Club* (1976), 39 Ill. App. 3d 33, 348 N.E.2d 306; see also cases cited at 17 Words and Phrases *First Refusal* (1958).) Clearly the language in paragraph 15 of the lease gives plaintiff "* * * the opportunity to meet any bona fide offer from a third person * * *" should defendant decide to sell. This, in effect, is a right of first refusal. That right did not come into being here as there was no third-party purchaser on the horizon. A further reading of paragraph 15, however, reveals another provision of the lease

entitling plaintiff to claim "* * * the opportunity to purchase at the fair cash value based on appraisal * * *" in the event the defendant desired to sell. The critical question presented to this court, therefore, is whether the trial court erred in finding a right in plaintiff to purchase the land independent of his right of first refusal and, if so, whether defendant manifested a sufficient desire to sell.

■■ It is well settled in Illinois that in construing the language of a lease, the intention of the parties must govern. (*Bonde v. Weber* (1955), 6 Ill. 2d 365, 128 N.E.2d 883; *Wilson v. Singleton* (1952), 410 Ill. 611, 103 N.E.2d 72.) The intention of the parties should be ascertained from the language of the lease and the words used should be given their common and generally accepted meaning. (*American National Bank & Trust Co. v. Lembessis* (1969), 116 Ill. App. 2d 5, 253 N.E.2d 126; 24 Ill. L. & Prac. *Landlord and Tenant* §42 (1956).) In the case before us, the plaintiff and Virginia Leeper freely and openly entered into a lease, part consideration for which was the provision for an option to purchase the land conditioned upon Leeper or her successors desiring to sell it. The agreement provides specific instructions by which the sale price would be ascertained should no third-party offer be pending when the owner decided to sell. This conditional option provision in this case cannot be ignored as defendant would have us do. If we were to accept defendant's position that "desire to sell" means "decide to sell at an existing, definite, acceptable price" then purchase by the appraisal method could never be given meaning and seems strangely out of place. By its nature, purchase by appraisal contemplates a situation where there is no offer and no specific predetermined price which the landowner was willing to accept. If the plaintiff's only right under paragraph 15 was to meet a bona fide offer from a third person, then there would be no reason for the existence of the alternative purchase by appraisal method. This leads us to the conclusion that if the owner desired to sell but there existed no bona fide offers from third parties that the owner was willing to accept, then plaintiff had the opportunity to insist upon the purchase by the appraised value method. See *Ohio Oil Co. v. Yacktman* (1976), 36 Ill. App. 3d 255, 343 N.E.2d 544.

■■ The trial court's determination that defendant desired to sell the land is adequately supported by the evidence. At the trial, plaintiff testified that attorney DePew had told him that he had been instructed to dispose of the property. The defendant, himself, testified that he arranged the auction sale of the property. The defendant had a "For Sale" sign placed on the property and he placed a public notice of the auction in two newspapers. The defendant admitted that the purpose of the auction was to solicit offers. This, itself, is strong indication of a desire to sell. The right contained in the sale notices to reject all bids does not demonstrate a lack

of desire to sell, but merely an unwillingness to accept a low price. If defendant had merely desired to ascertain the value of the land, he could have obtained the services of an appraiser. Consequently, we hold that the trial court did not err in finding that defendant desired to sell the property and that plaintiff's right to purchase became vested.

■■ The trial court also did not err in determining that the cancellation of the auction did not cut off plaintiff's right to exercise his conditional option to purchase. Prior to defendant's manifestation of his desire to sell, the condition precedent to plaintiff's right to purchase, plaintiff held an executory right to purchase which may or may not have come into effect. When the condition was met, by the evidencing of the desire to sell, the paragraph 15 provision became executed and plaintiff timely tendered his performance. The contract thereupon became binding upon defendant and specifically enforceable. See *Macy v. Brown* (1927), 326 Ill. 556, 158 N.E. 216; *Carter v. Love* (1903), 206 Ill. 310, 69 N.E. 85.

Defendant also contends that the sale of the 110 acres to plaintiff is not a proper remedy for breach of a right of first refusal. Since we have concluded that plaintiff's right of first refusal is not at issue here, we find no need to consider this contention.

Accordingly, for the reasons stated, the decision of the trial court construing paragraph 15 of the lease in favor of the plaintiff-appellee is affirmed.

Affirmed.

CRAVEN, P. J., and HUNT, J., concur.