JULIE KELLNER *et al.*, as Ex'rs of the Estate of John P. Agee, Sr., *et al.*, Plaintiffs-Appellants, v. RALPH E. BARTMAN *et al.*, Defendants-Appellees.

Fourth District   No. 4—93—0150

Opinion filed September 16, 1993.

Charles L. McNeil, of McNeil & McNeil, of Mason City, for appellants.

Roger W. Thompson, of Lincoln, for appellees.

JUSTICE McCULLOUGH delivered the opinion of the court:

John P. Agee, Sr., and Betty A. Agee (Agees) appealed from an order of the circuit court of Logan County granting a summary judgment to defendants, Ralph E. Bartman and Dolores Bartman. The Agees sued defendants for breach of a written contract in which defendants granted the Agees a right of first refusal on the sale of specified real estate. During the pendency of this appeal, a motion was filed to substitute Julie Kellner, John Agee, Jr., and Jeffrey Agee, as executors of the estate of John P. Agee, Sr., as appellants as a result of the death of John P. Agee, Sr. This motion was granted.

On appeal, the only issue is whether the trial court properly determined that no genuine issue of material fact existed and that the defendants were entitled to a judgment as a matter of law. We reverse.

On December 18, 1978, the Agees and Bartmans entered into an installment contract whereby the Bartmans agreed to sell and the Agees agreed to purchase the following described property:

"All of my real estate located in the Northeast Quarter (NE ¼) of Section 31, Township 21 North, Range 4 West of the 3rd P.M. and that part of Section 32, Township 21 North, Range 4 West of the 3rd P.M. located west of the New Holland to San Jose blacktop road as presently situated, containing approximately 28 acres, more or less, situated in the Town of Prairie Creek, County of Logan and State of Illinois."

The sales price was $60,000, to be paid $1,000 upon execution of the agreement, $29,000 to be paid on or before February 1, 1979, and the remaining $30,000 to be paid in three $10,000 installments, together with 7% interest per annum on the unpaid balance calculated from February 1, 1979. The three installments were to be paid on or before February 1, 1980, February 1, 1981, and February 1, 1982. There was no dispute in this case that the conditions were fully performed and that the above-described property was transferred by the Bartmans to the Agees in 1982.

However, also included in the installment contract was the following language:

"8. SPECIAL PROVISIONS:

(A) In the event Seller shall decide to sell his remaining farm land located in Section 32, Township 21 North, Range 4 West of the 3rd P.M., excepting, however, therefrom a 35[-]acre tract situated in the Southwest Quarter of said Section 32, situated in the Town of Prairie Creek, Logan County, Illinois, he shall first offer the farm land to Buyer for the price and on the terms of the intended sale, by an instrument in writing, delivered or mailed to Buyer at their above[-]stated address. Buyer shall have sixty (60) days from the date of such offer in which to accept or reject the same. Upon the expiration of such period, if the offer is not accepted by Buyer, Seller shall be free to sell said premises to such other prospective Buyer or Buyers. Acceptance of said offer by Buyer shall be in writing within the period of time provided to Seller delivered or mailed to Seller's address herein stated."

The contract further provided that all covenants and agreements therein "shall extend to and be obligatory upon the heirs, executors, administrators, and assigns of the respective parties." The contract was drafted by an attorney who represented the Bartmans.

On March 1, 1989, the Bartmans entered into an installment contract for the sale of farmland located in "Section 32, Township 21 North, Range 4 West of the Third Principal Meridian, Logan County, Illinois," to Donald and Barbara Semple (Semples). In doing so, the Bartmans did not offer to sell the property to the Agees. Donald and Barbara Semple are not parties to this proceeding.

In the trial court, the Agees and Bartmans both filed motions for summary judgment. The trial court denied the Agees' motion, but granted the Bartmans' motion. In granting summary judgment to the defendants, the trial court noted that over 10 years had expired from the date of the original contract to the date of the sale to the Semples and over seven years had expired from the termination of the contract to the date of the sale to the Semples. In addition, the trial court found that paragraph 8(A) of the contract was vague and indefinite concerning price and other terms and absolutely quiet as to the element of time. The trial court further stated the calculation of damages would be "pure guesswork and speculation" and to extend the right of first refusal beyond the expiration of the original contract was neither intended nor reasonable. In denying the Agees' post-trial motion, the trial court further explained that not too much weight

was given to the speculative nature of damages. The trial court was concerned with the indefiniteness as to time and the mode of computing the sale price.

Merely because the parties filed cross-motions for summary judgment alleging that no genuine issue of material fact existed does not obligate the trial court to grant summary judgment. *Mutual Life Insurance Co. v. Washburn* (1989), 183 Ill. App. 3d 978, 981, 539 N.E.2d 1278, 1280, *rev'd on other grounds* (1990), 137 Ill. 2d 312, 561 N.E.2d 29.

"The purpose of summary judgment is to determine whether there are any genuine issues of material fact (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240), and summary judgment should be granted when 'the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law' (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c)). Although summary judgment is an expeditious method of disposing of a lawsuit, it should only be allowed when the right of the moving party is clear and free from doubt. (*Purtill*, 111 Ill. 2d at 240.)" (*Colvin v. Hobart Brothers* (1993), 156 Ill. 2d 166, 169-70.)

On appeal, the reviewing court's role is to consider anew the facts and law relating to the case and determine whether the trial court was correct in finding that no genuine issue of material fact existed, and if none exists, whether the judgment was correctly entered as a matter of law. *University of Illinois v. Continental Casualty Co.* (1992), 234 Ill. App. 3d 340, 343, 599 N.E.2d 1338, 1341.

"The interpretation of an unambiguous written contract is a question of law for the trial court to determine. Likewise, the determination of whether an ambiguity exists is also a question of law. (*Nerone v. Boehler* (1976), 34 Ill. App. 3d 888, 340 N.E.2d 534.) Simply because the parties cannot agree on the meaning of a contract does not mean it is ambiguous. (*Joseph v. Lake Michigan Mortgage Co.* (1982), 106 Ill. App. 3d 988, 436 N.E.2d 663.) Even if the court determines there is an ambiguity and evidence of prior and contemporaneous transactions and other extrinsic facts are introduced to ascertain the contract's true meaning, the meaning of the contract may still be determined as a matter of law where the facts are uncontroverted or show the contract to have but one meaning. *Nerone v. Boehler* (1976), 34 Ill. App. 3d 888, 340 N.E.2d 534." (*Pa-*

*sulka v. Koob* (1988), 170 Ill. App. 3d 191, 202, 524 N.E.2d 1227, 1234.)

In this case, the facts are not controverted and the parties merely disagree about the legal effect of the language of the contract. As a result, with regard to the trial court's determination of the legal effect of the right of first refusal in the installment contract between the Agees and the Bartmans, there is no genuine issue of material fact.

■ All that remains to be determined is whether judgment was properly entered in favor of defendants as a matter of law. The first question to be addressed is whether the right of first refusal is unenforceable because it is insufficiently definite as to price and other terms. Had this been an option instead of the right of first refusal, the trial court's ruling would have been correct. An option is defined as:

> "A right, which acts as a continuing offer, given for consideration, to purchase or lease property at an agreed upon price and terms, within a specified time. An option is an agreement which gives the optionee the power to accept an offer for a limited time. Kelman v. Bohi, 27 Ariz. App. 24, 550 P.2d 671, 675. An option to purchase or to sell is not a contract to purchase or sell, as optionee has the right to accept or to reject the offer, in accordance with its terms, and is not bound. Catmull v. Johnson, Utah, 541 P.2d 793, 795." (Black's Law Dictionary 986 (5th ed. 1979).)

A right of first refusal, also referred to as a preemptive right, is a condition precedent to the sale of the property. A right of first refusal is not an option in that the holder of the right cannot force the sale of the property at a stipulated price. (Annot., *Landlord and Tenant: Tenant's Rights Under Provision Giving Him Pre-Emptive Right to Purchase on Terms Offered by Third Person, Where Third Person's Offer is Withdrawn Before Tenant Exercises Pre-Emptive Right*, 46 A.L.R.3d 1377, 1377-78 (1972).) Instead, the right does not arise until the grantor notifies the holder of a desire to sell or until offering or contracting to sell to a third party without first giving the holder of the right of first refusal the opportunity to buy. (*Wellmore Builders, Inc. v. Wannier* (1958), 49 N.J. Super. 456, 462-63, 140 A.2d 422, 426.) Oftentimes a right of first refusal is a right to elect to take specified property at the same price and on the same terms and conditions as are contained in a good-faith offer to purchase made by a third party. See *Vincent v. Doebert* (1989), 183 Ill. App. 3d 1081, 1083, 539 N.E.2d 856, 858; *Turner v. Shirk* (1977), 49 Ill. App. 3d 764, 765, 364

N.E.2d 622, 623; *Ohio Oil Co. v. Yacktman* (1976), 36 Ill. App. 3d 255, 257, 343 N.E.2d 544, 546.

The right of first refusal need not specify the price and terms, as long as it provides a method whereby the price and terms may be ascertained. (See Annot., *Requisite Definiteness of Price to be Paid in Event of Exercise of Option For Purchase of Property*, 2 A.L.R.3d 710 (1965).) Many terms and conditions of the sale upon the exercise of the right of first refusal may be supplied by implication or custom. *White Hen Pantry, Inc. v. Cha* (1991), 214 Ill. App. 3d 627, 634, 574 N.E.2d 104, 108.

In *Folsom v. Harr* (1905), 218 Ill. 369, 372, 75 N.E. 987, 987, the language of the right of first refusal was to the effect that "Should said party of the first part conclude to sell this property, then said second party is to have the first chance to buy the same." There was no requirement that the grantor receive a *bona fide* offer from a third party in order to set the price and terms of the sale. The same deficiency is found in the language of the right discussed in *Fogg v. Price* (1888), 145 Mass. 513, 14 N.E. 741, discussed in *Folsom* and *Rolfs v. Mason* (1961), 202 Va. 690, 692, 119 S.E.2d 238, 240, 2 A.L.R.3d 695, 697-98 (1965).

Distinguished in *Folsom* was the earlier Illinois Supreme Court case of *Hayes v. O'Brien* (1894), 149 Ill. 403, 418-19, 37 N.E. 73, 77, wherein the court stated:

> "In Fry on Specific Performance, after stating (sec. 214) that 'it is evident that the price is an essential ingredient in the contract, and that where this is neither ascertained nor rendered ascertainable the contract is void for incompleteness and incapable of enforcement,' the author says (sec. 216): 'It is not, however, necessary that the contract should determine the price in the first place. It may appoint a way by which it is to be thereafter determined, in which case the contract is perfected only when the price has been so determined.' The principle governing is: When the contract appoints the mode of determining the price, and the price is determined according to that mode, the contract becomes perfect and complete, in all respects as if it had been originally fixed in the writing. *Norton v. Gale*, 95 Ill. 533.
>
> *** Here, the parties, by their contract, prescribed a mode by which the price at which the lessee was to purchase was definitely ascertainable. If the lessor received an offer for the land which he was willing to accept, that became the price at

which the lessee might purchase, and, if the lessee accepted it, at which the lessor was bound to convey."

Such rights of first refusal are not indefinite and are enforceable as long as the holder meets the material terms and conditions of the third party's offer. *Vincent v. Doebert* (1989), 183 Ill. App. 3d 1081, 1088-89, 539 N.E.2d 856, 861-62; see also *Turner v. Shirk* (1977), 49 Ill. App. 3d 764, 766-67, 364 N.E.2d 622, 623 (in which the right of first refusal contained a clause giving the holder an opportunity to match a *bona fide* offer of a third party, and, in the event there was no such offer when the grantor desired to sell, also provided the holder an opportunity to purchase at a fair cash market value based on an appraisal of three appraisers and specified the method of their selection).

■ As in *Turner*, plaintiffs and defendants freely and voluntarily entered into a contract, part of the consideration being a right in plaintiffs under certain conditions to purchase the described land. The contract is not being construed in a vacuum, but within the context of the facts contained in the record. This court need not consider all the possible scenarios which might cause difficulty in enforcing the right of first refusal. The Agees sought only to have the right of first refusal on the terms and conditions established by the transaction between the Bartmans and the Semples. Although the right of first refusal does not specifically refer to a *"bona fide"* offer, the provision does refer to "the terms of the intended sale" and "other prospective Buyer or Buyers." Since every contract contains an implied promise of good faith and fair dealing between the parties (*Borys v. Josada Builders, Inc.* (1982), 110 Ill. App. 3d 29, 33, 441 N.E.2d 1263, 1266), and there is nothing to suggest bad faith in the transaction between the Bartmans and the Semples, the terms and conditions offered by the Semples to the Bartmans for the purchase of the property would be sufficient to provide certainty to the terms of a contract had the Agees been allowed to exercise their right to first refusal. The right of first refusal in the case at bar sets out the method by which the price and other material terms of the sale are to be determined, and therefore, it does not fail for that reason.

In addition, it does not fail because of the absence of a specified duration in which to exercise the right of first refusal. While an option for an indefinite term is void, a right of first refusal which does not specify a time limitation is not ordinarily void for indefiniteness. (91 C.J.S. *Vendor & Purchaser* §6, at 847 (1955).) Therefore, although the right of first refusal is contained in a document such as a lease or installment contract which sets dates for the performance of other

contract provisions, the right of first refusal is not affected by those provisions unless that is shown to be the intent of the parties. Where a contract for a conveyance of land provides for the performance of other acts beside conveyance, the contract will remain in effect after the delivery of the deed until the contract has been fully performed. *Trapp v. Gordon* (1937), 366 Ill. 102, 110, 7 N.E.2d 869, 873.

In the past, the failure to specify a duration rendered the right of first refusal vulnerable to being declared void as violative of the rule against perpetuities or the common law rule concerning restraint on the alienation of property. (*Marcy v. Markiewicz* (1992), 233 Ill. App. 3d 801, 810-11, 599 N.E.2d 1051, 1056-57; *Martin v. Prairie Rod & Gun Club* (1976), 39 Ill. App. 3d 33, 35-38, 348 N.E.2d 306, 308-10; Annot., *Pre-emptive Rights to Realty as Violation of Rule Against Perpetuities or Rule Concerning Restraints on Alienation*, 40 A.L.R.3d 920, 927 (1972); see *Baker v. Loves Park Savings & Loan Association* (1975), 61 Ill. 2d 119, 123-26, 333 N.E.2d 1, 3-5 (for a general discussion of the doctrine prohibiting unreasonable restraint against alienation of real property).) However, no such argument is put forth in this case, in part because the rule against perpetuities is no longer applicable to rights of first refusal becoming effective after September 22, 1969. Ill. Rev. Stat. 1991, ch. 30, pars. 194(a)(7), 196.

In construing a contract, the primary objective of the court is to give effect to the intent of the parties. When possible, the parties' intent is to be ascertained from the language of the contract. *Rothner v. Mermelstein* (1991), 219 Ill. App. 3d 502, 508, 579 N.E.2d 1022, 1027.

In the case at bar, the right of first refusal is not ambiguous. It is simply silent as to duration. As already noted, this does not render the contract indefinite. It also does not allow the court to rewrite the right of first refusal by inserting into it a limitation period based on the dates of performance otherwise provided for in the installment contract for the sale of real estate. However, where a right of first refusal is silent as to the duration of the right, the courts of this State have interpreted the right to be personal to the parties to the agreement such that it terminated on the death of either party to the agreement. (*Vogel v. Melish* (1964), 31 Ill. 2d 620, 624-27, 203 N.E.2d 411, 413-14; *Marcy*, 233 Ill. App. 3d at 811, 599 N.E.2d at 1057.) In both of these cases, the courts rejected the argument that the personal character of the agreement was negated by a clause in the contract to the effect that the contract was binding on heirs, personal representatives, and assigns.

As a result, since the right of first refusal in this case is silent as to duration, it will be interpreted to be personal in nature and limited to the lifetime of the parties to the contract. There is nothing in the record which indicates that any of the parties to the contract were dead at the time the land subject to the right of first refusal was sold to the Semples. Since the right of first refusal remained in effect at that time and was not indefinite as to price or other conditions, the granting of the summary judgment in favor of defendants in this case was error. Whether the plaintiff suffered any damages is not before this court.

Accordingly, the judgment of the circuit court of Logan County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

STEIGMANN, P.J., and LUND, J., concur.