NO. 4-97-0228

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

In Re:  the Marriage of                 )   Appeal from

JEAN E. STEVENS, n/k/a JEAN E. SCHRILLA,)   Circuit Court of

Plaintiff-Appellee-Garnishor, )   Knox County

v.                            )   No. 75D452

MERVYN W. STEVENS II,                   )

Defendant,                    )

and                           )

STEVENS FAMILY TRUST,                   )

Garnishee-Appellant,          )

and                           )   Honorable

FIRST MIDWEST BANK,                     )   James B. Stewart,

Garnishee.                    )   Judge Presiding.

_________________________________________________________________

JUSTICE KNECHT delivered the opinion of the court: 

Jean E. Stevens, now known as Schrilla, the plaintiff, brought a garnishment action in the circuit court of Knox County against garnishees, Stevens Family Trust (Trust) and First Mid­west Bank (Bank), seeking to enforce a judgment of $36,777.59 for child-support arrearages against her former hus­band, defen­dant Mervyn W. Stevens II.  Defendant is the lifetime beneficiary of a trust established by his father, Mervyn Stevens (Stevens).  Stevens es­tab­lished the trust as a revocable 
inter
 
vivos
 trust that paid him income until his death, when defendant became the life­time benefi­ciary and, at defendant's death, is to pay three quar­ters of the trust estate into a trust for the benefit of Stevens' grand­son, Samuel James Stevens, and pay one quarter into a trust for the benefit of his granddaughter, Amy Lyn Stevens.  Both the residu­ary benefi­ciaries are children of defendant.  Defendant's third child, Heidi Lyn Stevens, was specifically excluded by the provi­sions of the trust agreement from receiving benefits under the Trust.

Defendant, during his lifetime, is to receive so much of the net income of the Trust as may be, in the trustee's exclu­sive discretion, necessary for his support and also so much of the principal as the trustee, in her exclusive discretion, deems necessary.  Defendant became entitled to receive income or prin­cipal payments, at the discretion of the trustee, beginning Au­gust 7, 1994.  As of the date of this appeal, defendant had re­ceived no payments from the Trust.     

The bulk of the property in the Trust is farmland.  The trust agreement signed by Stevens provided his purpose in creat­ing the Trust was to satisfy his own well-being during his life­time and to pass the farm real estate free of encumbrances to his grandson, Samuel, at defendant's death.  The trust agreement also contained the following spendthrift provision:

"No part of the principal of the Trusts

created hereby, or of the income there-

from, shall be subject to execution, attach-

ment, garnishment or other legal process 

or claim of any creditor of any Beneficiary

of such Trusts; and, all payments to any 

Beneficiary shall at all times be free of 

any interferences, influence, or control 

of Third Parties; no title to, nor interest 

in, either the principal or the income 

from any part of the Trust Property may be

voluntarily or involuntarily alienated, 

assigned, transferred or encumbered by the

Beneficiary while still in the hands of the

Trustee."

On September 27, 1996, plaintiff filed a motion for summary judgment.  The Trust filed a motion for summary judgment on October 11, 1996.  A hearing was held on all pending motions on November 12, 1996.  

On February 27, 1997, the trial court issued its order granting plaintiff's motion and entered a garnishment order against the Trust and the Bank requiring payment of the net in­come and principal of the Trust to satisfy the judgments for child support arrearages against defendant.  De­spite the fact Heidi, for whom the child support arrearages were sought, was specifically excluded as a Trust beneficiary, the trial court concluded the in­come from the Trust may be withheld and is sub­ject to gar­nish­ment by plain­tiff to enforce the judgment ob­tained against defen­dant.  

The trial court found defendant was the sole income beneficiary of the Trust during his lifetime and is the only beneficiary, during his lifetime, to whom discretionary payments of principal may be made.  Both are factors required to allow garnishment of spendthrift trusts under section 2-1403 of the Civil Practice Law in order to secure collection of unpaid child support obligations owed by a trust beneficiary.  735 ILCS 5/2-1403 (West 1996).  Without those factors, the Trust, as a spend­thrift trust, could not be the subject of a garnishment proceed­ing.  735 ILCS 5/2-1403 (West 1996).  

The trial court then ordered the garnishees, the Bank and the Trust, to pay to plaintiff the net income of the Trust to satisfy the garnishment and, to the extent the child support ar­rearage plus interest is not satisfied out of the net income, the remainder shall be satisfied from the Trust principal.

The Trust has appealed.  The issues presented for re­view are whether, as a matter of law, (1) the net income and prin­cipal held by the Trust can be garnished for the satisfaction of a judgment for child support arrearages owed by defendant, (2) the Trust's bank account at the Bank can be directly gar­nished for the satisfaction of that judgment against defen­dant, (3) it was error for plaintiff to fail to give no­tice of the gar­nish­ment proceedings to the residuary beneficia­ries, and (4) the trial court erred by adding the interest on principal to the date of the entry of its order to the amount to be gar­nished; and (5) whether it was error to enter the garnish­ment judgment in the name of plaintiff rather than in the name of defendant for the use of plaintiff.  

The Trust contends defendant is not the sole beneficia­ry of the Trust; he does not receive periodic payments of either income or principal; the indebtedness alleged to be due defendant by the Trust is not liquidated and due without contingency; the garnish­ment would exceed defendant's ability to access the funds in the Trust; and it would be inequi­table to allow the garnish­ment be­cause, to the extent the Trust was forced to use its as­sets to satisfy the judgment against defendant, the residuary benefi­cia­ries would be paying for their father's child support arrearages.

A motion for summary judgment may be granted when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  735 ILCS 5/2-1005(c) (West 1996); 
Purtill v. Hess
, 111 
Ill. 2d 229, 240, 489 N.E.2d 867, 871 (1986).  On ap­peal the reviewing court will consider 
de
 
novo
 the facts and law relating to the case and determine whether the trial court erred in finding no genuine issue of material fact existed and whether the judgment was correct as a matter of law.  
Kellner v. Bartman
, 250 Ill. App. 3d 1030, 1033, 620 N.E.2d 607, 609 (1993).   Section 2-1403 of the Civil Practice Law provides no court may order the satisfaction of a judgment out of any proper­ty held in trust for a judgment debtor who is the bene­fi­ciary of a trust established in good faith by a person other than the judgment debtor 
except
 for the purpose of securing col­lection of unpaid child support obligations owed by the trust beneficia­ry.  735 ILCS 5/2-1403 (West 1996).  In order to with­hold income under the exception provided for collection of unpaid child sup­port obliga­tions, the beneficiary must be entitled to a specified dollar amount or percentage of the income of the trust 
or
 be the sole income beneficiary.  735 ILCS 5/2-1403(1) (West 1996).  In order to withhold principal, the beneficiary must have the right to withdraw principal 
or
 be the sole beneficiary to whom discre­tion­ary payments of principal may be made by the trustee.  735 ILCS 5/2-1403(2) (West 1996).  Further, the withholding of prin­cipal is limited to the amount subject to withdrawal by the bene­ficiary under the terms of the trust instrument.  735 ILCS 5/2-1403(2) (West 1996).

We note, first, there is no dispute defendant is a beneficiary of the Trust and the underlying judgment was for child support arrearages.  There is further no dispute, as plain­tiff has conceded, defendant is not entitled to regular payment of income and is not entitled to withdraw specific amounts of principal from the Trust.  However, there is a dispute as to whether defendant is the sole income beneficiary and whether peri­od­ic payments of income are necessary to support a garnish­ment of trust income under section 2-1403.

The Trust argues defendant is not the sole income bene­ficiary because there are residual beneficiaries in exis­tence.  However, the fact that residuary beneficiaries exist does not change the fact defendant is the only one entitled to pay­ment of trust income during his lifetime, thus making him the sole in­come beneficiary at the time when garnishment of trust income is sought.  Further, the Trust provides, at the discretion of the trustee, payments may be made to defendant as needed, for his health, education, welfare, support and proper maintenance.  The same standard applies regarding the trustee's discretion in pay­ing portions of principal to defendant.  Conceivably, if the need arose, the trustee could pay the entire contents of the Trust to defendant during his lifetime.  The residuary beneficia­ries have the right to receive trust income and principal exist­ing after defendant's death but this right does not mean they actually will enjoy any benefits from the Trust.  For this rea­son, the Trust's argument that it would be inequitable for the Trust assets to be garnished to collect defendant's child support arrearages fails.  The residuary beneficiaries' expectancy of receiving benefits from the Trust is not guaranteed and the as­sets that would be garnished are not theirs to lose.

The same arguments apply to the contention defendant is not the sole principal beneficiary.  During his lifetime, defen­dant is the sole beneficiary of both income and principal.  Since during his lifetime is the only time defendant 
can
 be a benefi­ciary, he is the sole beneficiary so long as he lives.  

The Trust contends because defendant does not receive periodic payments of either income or principal and any payments are subject to the discretion of the trustee, the indebtedness alleged to be due him by the Trust is not liquidated and due without contingency.  Further, defendant contends garnishment of either income or principal would exceed defendant's own ability to access the funds in the Trust.    

A review of section 2-1403 reveals only two cri­teria need be met in order to garnish the income of a spend­thrift trust.  First, the underlying judgment must be for child support arrearages.  Second, the judgment debtor must be either the re­cipient of income 
or
 the sole income beneficiary of the trust.  The Trust has conceded plaintiff's judgment was for child support arrearages.  As has been seen, defendant was the sole income beneficiary of the trust.  Section 2-1403(1) does not require a beneficiary actually be paid benefits in order to allow the gar­nishment of the income, only that he be the sole income bene­fi­ciary.  Therefore, under the language of section 2-1403(1), plaintiff is entitled to garnish the income from the Trust during defendant's lifetime to satisfy her judgment for child support arrearages.

Subsection (2) of section 2-1403 provides for garnish­ment of trust principal to satisfy a judgment for child support arrearages under two circumstances.  The judgment debtor must be entitled to withdraw principal in specified amounts 
or
 be the only beneficiary to whom the trustee may make discretionary pay­ments.  735 ILCS 5/2-1403(2) (West 1996).  Clearly, defendant is the only beneficiary to whom the trustee may make discretionary payments of principal during his lifetime.  As the language of section 2-1403(2) does not require any discretionary payments actually be made to the beneficiary, the fact none were made to defendant does not exempt the Trust from garnishment of princi­pal.  

Limiting garnishment to cases where a beneficiary has a right to withdraw principal would nullify the specific language of the statute allowing garnishment of trust principal where a judgment debtor is the only beneficiary to whom discre­tionary payments of principal may be made.  Statutes are to be construed so that no clause is superfluous or void.  
O'Brien v. Rogers
, 198 Ill. App. 3d 341, 347-48, 555 N.E.2d 1005, 1009 (1990).  Further, it is not proper for a court to read into a statute exceptions, limitations or conditions that conflict with the expressed in­tent of the legislature.  
In re Marriage of DeRossett
, 173 Ill. 2d 416, 418, 671 N.E.2d 654, 656 (1996); 
In re Marriage of Lukas
, 83 Ill. App. 3d 606, 613, 404 N.E.2d 545, 550 (1980); 
Beckmire v. Ristokrat Clay Products Co.
, 36 Ill. App. 3d 411, 415, 343 N.E.2d 530, 534 (1976).         

Here, the intent of the legislature was to reach assets in spendthrift trusts where the beneficiaries of those trusts are judgment debtors in actions for child support arrearages.  It is the public policy of Illinois, as expressed by the intent of the legislature, to ensure child support judgments and judgments for child support arrearages are enforced by all available means.  
In re Support of Matt
, 105 Ill. 2d 330, 334-35, 473 N.E.2d 1310, 1312-13 (1985).  The supreme court in 
Matt
 found a right to gar­nish spendthrift trusts for child support arrearages despite section 2-1403's then-existing prohibition against garnishment of spend­thrift trust income.  
Matt
, 105 Ill. 2d at 335, 473 N.E.2d at 1313.  After the decision in 
Matt
, in order to under­score its intent, the legisla­ture amended section 2-1403 of the Civil Prac­tice Law to specifi­cal­ly allow the garnishment of not only the income from spend­thrift trusts to collect past-due child support but also the principal (Pub. Act 85-907, art. II, §1, eff. Novem­ber 23, 1987 (1987 Ill. Laws 3802, 3831)).  See Ill. Rev. Stat. 1987, ch. 110, par. 2-1403 (as amended).  

The language of section 2-1403 does not require income or principal actually be paid a sole beneficiary but only that he 
be
 the sole beneficiary.  The amendment to section 2-1403 that now allows a spendthrift trust to be garnished for purposes of col­lecting child support arrearages only has real meaning if a trust such as the one in this case--providing for discretionary payments to the sole beneficiary with none actually having been made--can be garnished.  Because of the strong public policy to collect past-due child support arrearages, we find the trial court did not err in granting summary judgment for plaintiff and against the Trust and entering a garnishment order against the trust for both income and principal.  

We acknowledge there is a slight language difference between the subsection of section 2-1403 that deals with income and the subsection that deals with principal.  Subsection (1) (735 ILCS 2-1403(1) (West 1996)), deal­ing with income, is silent as to the dis­cre­tion­ary pay­ments on the part of the trust­ee, while sub­sec­tion (2) (735 ILCS 2-1403(2) (West 1996)), deal­ing with prin­ci­pal, spe­cif­i­cal­ly pro­vides prin­cipal may be gar­nished where the bene­fi­ciary is the sole benefi­ciary to whom discretion­ary pay­ments may be made.  Taken togeth­er, these sub­sections may seem ambigu­ous.  

The primary rule of statutory construction, to which all other rules are subordinate, is to ascertain and give effect to the true intent of the legislature.  In determin­ing the legis­lative intent, a court should first consider the statutory lan­guage.  Where the statutory language is clear, it will be given effect without resort to other aids for construc­tion.  However, where the language is ambiguous, it is appropri­ate to examine the legislative history.  
People ex rel. Baker v. Cowlin
, 154 Ill. 2d 193, 197, 607 N.E.2d 1251, 1253 (1992).  In deter­min­ing legisla­tive intent, a court may consider the reason and necessity for the law, the evils to be remedied, and the objects to be at­tained.  In addition, a court construing the language of a stat­ute will assume that the legislature did not intend to produce an absurd or unjust result.  
State Farm Fire & Casualty Co. v. Yapejian
, 152 Ill. 2d 533, 541, 605 N.E.2d 539, 542 (1992).

As we have noted, the evil to be remedied--child sup­port obligations falling on the shoulder of only one parent--and the result to be obtained--the collection of child support pay­ments from parents who have failed to fulfill their obligation of sup­port--is the intent of the legislature in enacting section 2-1403.  Interpreting the language of section 2-1403 to allow gar­nishment of only principal and not income where disbursements of both have been made discretionary by a trust instrument is an absurd reading of the statute, given the legislative intent.  Therefore, we reject such an interpretation.

The Trust argues even if the garnishment is proper, the Trust's bank account cannot be directly garnished because only the debtor or the account of a judgment debtor can be garnished under traditional garnishment law.  Garnishment does not lie against the debtor of the garnishee.  In this instance, however, we are not dealing with a traditional garnishment but one allowed specifically by statute for the purpose of obtaining payment of child support arrearages.  Under section 2-1403 a trust's income and principal are subject to garnishment for the purpose of sat­isfying judgments for child support arrearages.  While it may have been better procedure for the trial court to have entered the garnishment against the Trust alone, it will take action by not only the trustee but the Bank to accomplish the garnishment.  No error occurred in ordering the direct garnishment of the Trust's bank account as well as the Trust itself to satisfy the judgment against defendant.

The Trust next contends it was error for plaintiff to fail to give notice of the garnishment proceedings to the residu­ary beneficiaries.  Section 12-710 of the Code of Civil Procedure (Code) requires notice be served on all persons who have a claim  adverse to that of the judgment debtor to the indebtedness or other property sought to be garnished.  735 ILCS 5/12-710 (West 1996).  However, in this case, the residuary beneficiaries do not have a claim adverse to defendant because they have no claim to either the income or principal of the Trust during de­fendant's lifetime.  No error occurred in any failure to give them notice of the garnishment proceedings.

The Trust argues the trial court erred in adding inter­est to the judgment for child support arrearages to the date of the garnishment order and including it in the amount of Trust assets subject to garnishment.  Normally, a judgment accrues interest until satisfied in the amount of 9% per annum from its date of entry.  735 ILCS 5/2-1303 (West 1996).  However, section 12-707 of the Code provides a garnishee only has a duty to hold the amount due upon the judgment and costs at the time of the service of the garnishment summons.  735 ILCS 5/12-707 (West 1996).  This requirement is to ensure a garnishee has the neces­sary amount available to pay the garnishment after it has been ordered.  Allowing interest after the date of the service of garnishment summons would leave a garnishee uncertain as to how much property it must hold to secure payment of the garnishment and would be unworkable.  Therefore, we find the trial court erred only to the extent it included in the garnishment order  interest on the underlying judgment for child support arrearages after the date of service of the garnishment summons.

Finally, the Trust contends it was error for the trial court to enter judgment in favor of plaintiff and against the Trust and not enter it in favor of the judgment debtor, defen­dant, for the use of his judgment creditor, plaintiff, as provid­ed in section 12-711(c) of the Code.  735 ILCS 5/12-711(c).  While it would be better practice to follow the form for garnish­ment proceedings provided in the Code, w
e find this issue has been waived because it is a clerical error that could have been brought to the trial court's attention by the Trust but was not.   We affirm the judgment of the trial court in granting summa­ry judgment in favor of plaintiff and against the Trust and the Bank and entering a garnishment order against the Trust and the Bank for both interest and principal of the Trust.  However, because the trial court erred in including within the garnished amount interest after the date the garnishment summons was served, the amount equal to the interest accrued on the judgment for child support arrearages after service of garnishement sum­mons is excluded from the total amount subject to garnishment.

Affirmed as modified.               

GARMAN and GREEN, JJ., concur.